**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 31 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DARREN G. SMITH,

       Petitioner - Appellant,

v.

JOHN W. SUTHERS, Executive
Director of the Colorado Department
of Corrections; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

       Respondents - Appellees.

No.  01-1230
(No. 00-WM-1133)
(District of Colorado)

ORDER AND JUDGMENT   *

Before **EBEL** , **KELLY** , and **LUCERO** , Circuit Judges.

Pro se petitioner Darren G. Smith, a Colorado state prisoner, seeks a

certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c) to challenge

the district court's dismissal of his petition for a writ of habeas corpus as time-

---

*   The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.  The Court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

barred under 28 U.S.C. § 2244(d). We conclude that petitioner has not demonstrated extraordinary circumstances warranting equitable tolling of the period of limitation, and we deny COA.

Petitioner was convicted by a Denver District Court jury on February 27, 1992, of attempted first-degree murder, first-degree assault, conspiracy to commit first-degree murder, crime of violence, and two habitual offender counts. Petitioner appealed and the Colorado Court of Appeals affirmed the conviction on March 24, 1994. Petitioner filed a request for certiorari review with the Colorado Supreme Court on or about April 25, 1994, which was denied. The Colorado Court of Appeals issued a mandate on October 3, 1994. Petitioner filed a motion for post-conviction relief ("Rule 35(c) motion") on March 14, 1995, and an amended motion on April 10, 1995, which were denied by the state trial court on June 15, 1995. Petitioner did not appeal the denial of his Rule 35(c) motions. Petitioner filed his federal habeas corpus application on June 5, 2000. A magistrate judge recommended that the application be dismissed with prejudice. The district judge accepted the recommendation on April 4, 2001, and denied petitioner's application for COA.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, prisoners generally have one year from the date on which their convictions become final to petition for federal

habeas corpus relief. 28 U.S.C. § 2244(d)(1). A conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). We have held that "prisoners whose convictions became final on or before April 24, 1996 must file their [habeas] motions before April 24, 1997." United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997). The one-year period of limitation is subject to equitable tolling in extraordinary circumstances. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

Petitioner's conviction became final on January 2, 1995, ninety days after the Supreme Court of Colorado denied his request for certiorari review and the Colorado Court of Appeals issued its final mandate. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that conviction is final and one-year statute of limitations begins to run after United States Supreme Court denies review, or if no petition for certiorari is filed, after the time for filing a petition for certiorari has passed). Because petitioner's conviction became final before the effective date of AEDPA, he had one year from April 24, 1996 (the statute's effective date) to file his § 2254 petition, unless the statute was tolled. Petitioner did not file his § 2254 petition until June 5, 2000. The statute was not tolled under 28 U.S.C. § 2244(d)(2) because no "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" was pending between April 24, 1996, and April 24, 1997. His petition

-3-

is thus time-barred.

Petitioner argues, however, that equitable tolling of the statute is warranted due to his illiteracy. The district court rejected this argument, noting that neither ignorance of the law nor illiteracy presents an exceptional circumstance to support equitable tolling. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (ignorance of the law), cert. denied, 121 S. Ct. 1195 (2001); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (illiteracy), cert. denied, 528 U.S. 1007 (1999). At any rate, the magistrate judge observed that the record, which included two pro se motions filed in state court in 1995 and 1997, did not support petitioner's claim of illiteracy.

Petitioner also argues that the statute should be tolled to prevent a fundamental miscarriage of justice. In support of this argument, he claims to have new evidence that an identification witness who testified against him now claims to have been coerced in her testimony. However, the fundamental miscarriage of justice exception is an "extremely narrow exception, implicated only in 'an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Ballinger v. Kerby, 3 F.3d 1371, 1375 (10th Cir. 1993) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). To prevail, petitioner must identify evidence that affirmatively demonstrates his innocence. See Schlup v. Delo, 513 U.S. 298, 327 (1995). A

-4-

habeas petitioner is required to provide evidence that does more than simply "undermine the finding of guilt against" him. <u>Ballinger</u>, 3 F.3d at 1375. We conclude that petitioner has not presented us with evidence of actual innocence establishing that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." <u>Schlup</u>, 513 U.S. at 327.

The application for COA is **DENIED**, and the appeal is **DISMISSED**. Petitioner's motion to proceed in forma pauperis is **GRANTED**.

The mandate shall issue forthwith.

Entered for the Court,


Carlos F. Lucero
Circuit Judge