F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**DEC 13 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALEJANDRO GONZALES, also
known as Miguel Lopez,

            Petitioner-Appellant,

    v.

STEVEN BECK; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

            Respondents-Appellees.

No. 04-6258

(W.D. Oklahoma)

(D.C. No. CV-04-262-C)

**ORDER**

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

Alejandro Gonzales, a state prisoner proceeding pro se, seeks a certificate

of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254 habeas

petition. Mr. Gonzales also seeks to proceed in forma pauperis. We deny his

request for a COA and dismiss this matter.

I. BACKGROUND

On January 6, 2000, Mr. Gonzales entered a plea of guilty on nine counts

involving multiple drug-related offenses. Mr. Gonzales was sentenced to serve

twenty-five year terms of imprisonment for each of the first three counts, and

five-year terms for the remaining six counts, all to run concurrently. Mr. Gonzales did not timely move to withdraw his guilty plea or appeal the convictions.

Over two years later, on March 14, 2002, Mr. Gonzales sought post-conviction relief in Oklahoma state court, raising five challenges to his conviction and sentence. On May 24, 2002, the Oklahoma state court denied relief. On March 6, 2003, Mr. Gonzales sought to appeal this decision out of time, which the Oklahoma district court denied on December 4, 2003. The Oklahoma Court of Criminal Appeals affirmed this decision on February 12, 2004.

On March 7, 2003, Mr. Gonzalez filed a petition pursuant to § 2254 in case No. 03-318-F, which the district court dismissed on June 13, 2003 for failure to exhaust state court remedies. Mr. Gonzales filed the instant § 2254 petition on March 9, 2004, alleging *Brady* violations, *Miranda* violations, ineffective assistance of counsel, violation of his due process rights, and other claims "listed in lower court pleadings." Aplt's Br. at 3. The district court denied the petition as untimely under 28 U.S.C. § 2244(d)(1) and found that equitable tolling did not excuse its untimeliness.

## II. DISCUSSION

We review de novo the district court's denial of a habeas petition based on § 2244(d), examining a district court's findings of fact for clear error. *Burger v.*

*Scott*, 317 F.3d 1133, 1137-38 (10th Cir. 2003). "[W]e review the district court's decision on equitable tolling of the limitations period [, however,] for an abuse of discretion." *Id.* at 1138. Because Mr. Gonzales is proceeding pro se, we construe his pleadings liberally. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

A. One-year Limitations Period

Where, as here, a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a COA should issue if the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Congress has "established a one-year period of limitations for habeas petitions." *Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998) (citing 28 U.S.C. § 2244(d)(1)). By statute, the one-year period of limitations generally begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is tolled, however, for "[t]he time during which a properly filed application for State post-conviction relief . . . is

pending," *see id.* § 2244(d)(2), and may also in rare circumstances "be subject to equitable tolling." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *see Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (discussing the limited circumstances in which equitable tolling may be warranted and noting that "[s]imple excusable neglect is not sufficient").

Mr. Gonzales contends that the state waived the time bar because it failed to raise it in a timely fashion below. According to Mr. Gonzales, when he filed his § 2254 petition in case No. 03-318-F, the state initially raised only his failure to exhaust. We shall attempt to clarify the procedural ambiguities in this case.

The district court dismissed Mr. Gonzales's § 2254 petition in No. 03-318-F without prejudice for failure to exhaust. Upon further review, the magistrate judge and district court recognized that this dismissal without prejudice in No. 03-318-F was premised upon the belief that Mr. Gonzales might perfect an appeal out of time in the Oklahoma state court. *See* Supl. Report and Recommendation, at 5 n. 4 (July 20, 2004) "[U]pon further review of this decision [to dismiss without prejudice], . . . . [Mr. Gonzales] did not file his post-conviction application within the one-year limitations period governing the filing of his habeas petition, and therefore the post-conviction application could not toll the running of the limitation period . . . , whether or not [Mr. Gonzales] was allowed

-4-

to file an appeal out-of-time in his post-conviction proceeding." *Id.* We hold this conclusion to be correct.

As to Mr. Gonzales's waiver claim, issuance of a COA is jurisdictional, *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), and as such, the state cannot waive an argument as to the timeliness of a filing of a petition pursuant to AEPDA when a COA is required. *See United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993) ("[J]urisdictional issues are never waived and can be raised on collateral attack.").

We agree with the district court's conclusion that under § 2244(d), Mr. Gonzales filed his habeas petition after the expiration of the one-year limitations period. Because Mr. Gonzales entered his guilty plea on January 6, 2000, and he did not appeal his conviction, the judgment became final on January 16, 2000, ten days after entry of the judgment. *See* OKLA. CRIM. APP. R. 4.2(A), OKLA. STAT. tit. 22, ch. 18, app. (2004). Absent a tolling event, Mr. Gonzales was therefore required to file his habeas petition on or before January 16, 2001, for the petition to be timely. Because Mr. Gonzales did not seek post-conviction relief until after January 16 2001, no tolling event occurred.

B. Equitable Tolling

Mr. Gonzales also sought equitable tolling before the district court. Mr. Gonzales maintains that he is actually innocent, that he is unskilled in the English

language, that the state did not allow him to call the Mexican Consulate as required by treaty, that he did not received legal assistance in Spanish, and that he had limited access to any current legal materials. For the last proposition he attaches an affidavit from the law library supervisor indicating that the law library at the Mack H. Alford Correctional Facility has not received any new legal materials since August 1995.

Equitable tolling is appropriate only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

> [W]e have limited equitable tolling of the one-year limitations period to "rare and exceptional" circumstances. Therefore, [e]quitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct–or other uncontrollable circumstances–prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.

*Burger*, 317 F.3d at 1141 (citation omitted).

To demonstrate actual innocence before the district court, Mr. Gonzales must establish that "'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Mr.

-6-

Gonzales offers no evidence to support his claim of actual innocence; he merely asserts that he was convicted for federal rather than state crimes.

As to the remaining assertions, while we recognize that at least some of the hardships noted by Mr. Gonzales may have inhibited his ability to timely file his § 2254 petition, we conclude that equitable tolling should not apply here to excuse his otherwise untimely filing. *See Gibson*, 232 F.3d at 808 ("[A] claim of insufficient access to relevant law . . . is not enough to support equitable tolling."); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (holding that unfamiliarity with the legal process due to illiteracy does not merit equitable tolling). Mr. Gonzales cannot show his efforts were diligent: he waited over full year before seeking post-conviction relief, and that attempt may have been prompted by the government's arguments in No. 03-318-F. *See Miller*, 141 F.3d at 978 (refusing to apply equitable tolling because petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims").

We have reviewed the entire record, the district court's order, and the brief on appeal. We agree with the district court's conclusion that Mr. Gonzales is not entitled to equitable tolling.

### III. CONCLUSION

We conclude that the district court correctly dismissed Mr. Gonzales's habeas petition as untimely. We determine that he has failed to raise a debatable issue, and therefore we DENY his request for a COA, DENY his motion to proceed in forma pauperis, and DISMISS the matter.

Entered for the Court,

Robert H. Henry
Circuit Judge