**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 6, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL DEE JAMISON,

      Petitioner-Appellant,

v.

JUSTIN JONES,

      Respondent-Appellee.

No. 06-6145
(D.C. No. CIV-06-48-C)
(W.D. Okla.)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Michael D. Jamison, a state prisoner proceeding pro se*,* requests a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254 habeas petition.[1] For substantially the same reasons set forth by the district court,

---

[1] Shortly after the magistrate judge issued his report and recommendation in this case, Jamison filed a pro se notice of appeal "to appeal the dismissal" of his § 2254 motion on April 17, 2006. However, because the parties did not consent to final disposition by a magistrate under 28 U.S.C. § 636(c)(3), that report did not constitute a final appealable decision. See Colorado Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co., 879 F.2d 809, 811 (10th Cir. 1989). Nevertheless, on April 18, 2006, the district court entered an order adopting the magistrate's report and recommendations and denying the § 2254 petition. Jamison did not file a notice of appeal as to this decision within the thirty days allowed. However, on May 8, 2006, prior to the expiration of the deadline to file a notice of appeal, Jamison filed an opening brief and docketing statement with this court. Because Jamison's opening brief and docketing statement contain the

(continued...)

we **DENY** Jamison's request for a COA and **DISMISS**.

Jamison's § 2254 petition challenges sentences adjudged after two different state convictions: a 1996 conviction for burglary, and a 2000 conviction for escape following conviction of two or more felonies. Because Jamison did not appeal either conviction, his burglary and escape convictions became final ten days after the pronouncement of the judgment and sentence – on November 10, 1996 and January 13, 2000, respectively. See Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001). Jamison did not file this § 2254 petition in federal district court until January 13, 2006, five years after the limitations periods expired.[2] AEDPA's one-year statute of limitations for filing a federal habeas

---

[1](...continued)
information required by Fed. R. App. P. 3, it is the functional equivalent of a timely appeal, and we have appellate jurisdiction over this case. See Rodgers v. Wyo. Att'y Gen., 205 F.3d 1201, 1204 n.3 (10th Cir. 2000), overruled on other grounds, Moore v. Marr, 254 F.3d 1235, 1239 (10th Cir. 2001); Smith v. Barry, 502 U.S. 244, 248-49 (1992).

[2] Jamison's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because the district court denied Jamison a COA, he may not appeal the district court's decision absent a grant of
(continued...)

-2-

petition under § 2254 began to run for each conviction on the date they became final. Thus, absent statutory or equitable tolling, the limitations periods expired on November 10, 1997, and January 13, 2001, respectively.[3]

Upon recommendation of the magistrate judge, the district court dismissed Jamison's petition as untimely. Finding that the statute of limitations period had elapsed and that Jamison was not entitled to statutory tolling under 28 U.S.C.

---

[2](...continued)
COA by this court.

[3] Jamison also sought judicial review of his burglary conviction under Okla. Stat. tit. 22, § 982a, which allows sentencing courts to modify sentences within twelve months after imposition. Because such motions seek discretionary review, their denial is not appealable, and they therefore do not constitute post-conviction proceedings for purposes of tolling the AEDPA limitations period. Furthermore, even if Jamison's § 982 petition did toll the limitations period for the eight days it was pending, his federal habeas petition would still be untimely. Similarly, Jamison's petition for post-conviction relief as to both convictions, which was filed on April 15, 2005, and denied by the Oklahoma Court of Criminal Appeals ("OCCA") on December 7, 2005, does not toll the limitations periods applicable to his federal habeas petition because it was filed after the AEDPA limitations period for each claim had lapsed. The OCCA denied Jamison's petition, finding his claims to be barred by the doctrine of waiver because he failed to file a direct appeal. We agree with OCCA that Jamison has presented no valid reason why the claims raised now could not have been raised on direct appeal. Jamison's pleadings also contain inferences that his true concern focuses on whether his sentences are to be served concurrently or consecutively. However, the record indicates that Jamison was "rebilled" to his consecutive sentence for the escape conviction on November 17, 2002. To the extent that this claim is a basis for his § 2254 petition, it is similarly barred by AEDPA's one-year statute of limitations, which would run from the date "on which the factual predicate of the claims or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). At least two years passed from the time when Jamison would, in the exercise of due diligence, have learned of the "rebilling" of his sentence and his filing of his claim for post-conviction relief with the Oklahoma District Court on April 15, 2005.

-3-

§ 2244(d)(2), the district court also rejected Jamison's claim for equitable tolling based on his lack of knowledge of his legal rights arising from his illiteracy and lack of direct access to a law library. After reviewing the record, we agree that Jamison has failed to demonstrate either that extraordinary circumstances beyond his control prevented him from filing his petition on time, or that he diligently pursued his claims throughout the period that he seeks to toll. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Illiteracy alone does not merit equitable tolling. See Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (holding that ignorance of legal rights, even if due to illiteracy, does not merit equitable tolling). Further, not having direct access to the prison law library, and being required to wait a period of days to receive requested materials cannot excuse a five-year delay in filing his § 2254 petition. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) ("[A] claim of insufficient access to relevant law . . . is not enough to support equitable tolling."). We conclude that Jamison's § 2254 petition is barred by AEDPA's statute of limitations.

Accordingly, we **GRANT** Jamison's motion to proceed on appeal in forma

pauperis, **DENY** Jamison's application for a COA, and **DISMISS** the appeal.[4]

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[4] Jamison's motion to add an exhibit titled "Order Denying Application for Post-Conviction Relief in Part and Granting Post-Conviction Relief in Part" is granted.