**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 20, 2007**

**TENTH CIRCUIT**

GUILLERMO A. GOMEZ,

        Petitioner - Appellant,

     v.

RON LEYBA, Warden; JOHN W.
SUTHERS, Colorado Attorney
General,

        Respondents - Appellees.

No. 07-1118

(D. Colorado)

(D.C. No. 06-cv-794-ZLW)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Guillermo Gomez, a state prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the denial by the United States District Court for

the District of Colorado of his application for relief under 28 U.S.C. § 2254. *See*

28 U.S.C. § 2253(c)(1)(b) (requiring COA to appeal denial of § 2254 application).

The district court determined that Mr. Gomez had filed his application after the

---

[*]After examining the brief and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

statutory one-year limitation period had expired, denied his application, and denied a COA. He contends that the district court erred in not considering the reasons he offered for having filed his application out of time. We deny a COA and dismiss the appeal.

Mr. Gomez was convicted of sexual assault on a child in May 2000. On appeal to the Colorado Court of Appeals, his conviction was affirmed on May 8, 2003. His petition for a writ of certiorari from the Colorado Supreme Court was denied on May 3, 2004. On September 15, 2004, Mr. Gomez filed a request under Colo. R. Crim. P. 35(b) for postconviction relief, which was denied on December 16, 2004. More than a year later, on April 14, 2006, he filed a motion for postconviction relief under Colo. R. Crim. P. 35(c), which was pending when he filed his § 2254 application on May 10, 2006.

The district court denied the application because it had not been filed within the one-year limitation period under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A). The court computed (1) that the one-year period began on August 2, 2004, when Mr. Gomez's time for seeking review in the United States Supreme Court expired, *see Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999); Sup. Ct. R. 13(1) (petition for writ of certiorari must be filed within 90 days of entry of judgment); (2) that this period was tolled under § 2244(d)(2) from September 15, 2004, to December 16, 2004, while his 35(b) motion for postconviction relief was pending; and (3) that this period had expired

-2-

before he filed his 35(c) motion. The court then rejected Mr. Gomez's contention that his reasons for the delay constituted extraordinary circumstances that would justify equitable tolling.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Gomez does not, and could not, challenge the district court's determination that he failed to file his § 2254 application within the one-year limitation period. He does argue, however, that he has provided sufficient grounds for requiring equitable tolling. We disagree.

The one-year limitation period in § 2244(d) may be equitably tolled when the inmate demonstrates that he diligently pursued his claims and that his failure to file within the limitation period was caused by extraordinary circumstances. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). In his pleadings in this court Mr. Gomez contends that his delay should be excused because (1) he did not receive appointed counsel to help him file a habeas application, (2) the attorney who assisted him with his 35(b) motion did not advise him on how to file a habeas application, and (3) he is unfamiliar with the English language. But

-3-

these are not extraordinary circumstances warranting equitable tolling. Because "[t]here is no constitutional right to an attorney in state post-conviction proceedings," *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), denial of appointed counsel and ineffective assistance of counsel are not extraordinary circumstances. *See Fleming v. Evans*, 481 F.3d 1249 at *4 (10th Cir. 2007). Neither is unfamiliarity with the English language. *See Turner v. Johnson*, 177 F.3d 390, 391–92 (5th Cir.1999) (unfamiliarity with the law due to illiteracy does not toll limitation period); *Jamison v. Jones*, 197 Fed. App'x 743, 746 (10th Cir. 2006) (following *Turner*); *Gonzales v. Beck*, 118 Fed. App'x 444, 447 (10th Cir. 2004) (same); *Malone v. Oklahoma*, 100 Fed. App'x 795, 798 (10th Cir. 2004) (same); *Smith v. Suthers*, 18 Fed. App'x 727, 729 (10th Cir. 2001) (same); *United States v. Cordova*, 202 F.3d 283 (10th Cir. 1999) (unpublished table decision) (same).

Mr. Gomez has not demonstrated that he pursued his claims with diligence or that his delay was caused by extraordinary circumstances. No reasonable jurist could debate the district court's conclusion that Mr. Gomez was not entitled to equitable tolling. We DENY a COA, DENY his request to proceed *in forma pauperis*, and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-4-