FILED
United States Court of Appeals
Tenth Circuit

April 22, 2008

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

STEVE YANG,

     Petitioner - Appellant,

v.

LOU ARCHULETA (Warden);
COLORADO ATTORNEY
GENERAL,

     Respondents - Appellees.

No. 07-1459

---

Appeal from the United States District Court
for the District of Colorado
(D.C. No. 07-cv-01360-ZLW)

---

Submitted on the brief:

Steve Yang, *pro se*, Petitioner - Appellant.

---

Before **O'BRIEN, McKAY** and **GORSUCH**, Circuit Judges.

---

**O'BRIEN**, Circuit Judge.

---

     Steve Yang, a Colorado state prisoner appearing *pro se*,[1] seeks to proceed

---

[1] Although we liberally construe *pro se* filings, we do not "assume the role of advocate." *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187-88 (10th

*in forma pauperis* (*ifp*) on appeal and requests this Court to grant a certificate of appealability (COA). He claims the district court erred in dismissing his 28 U.S.C. § 2254 habeas corpus petition as untimely. Yang contends the limitations period is subject to equitable tolling due to the lack of legal materials in his first language, Hmong, and the unavailability of a translator. We grant Yang's request to proceed *ifp*, but deny a COA.

## I. BACKGROUND

Yang pled guilty to first degree sexual assault and second degree kidnapping in Colorado state court in exchange for the dismissal of additional charges. Yang's petition claims the state court entered judgment on April 25, 2000, and sentenced Yang to a total of thirty-two years imprisonment. As no direct appeal was filed, the judgment became final on June 9, 2000. On November 6, 2000, Yang, represented by counsel, filed a request under Colo. R. Crim. P. 35(b) for post-conviction relief, which was denied. On June 19, 2006, the Colorado Supreme Court denied his petition for certiorari. On June 19, 2007, he filed his pro se § 2254 petition in the federal district court.

The district court ordered Yang to show cause why his petition should not be denied because it was not filed within the one-year limitation period under the

Cir. 2003) (quotations omitted). *Pro se* status "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A). According to the district court, the one-year period began to run on June 9, 2000, when Yang's time for direct appeal expired. The period would have expired on June 9, 2001, but was tolled under § 2244(d)(2) from November 6, 2000, to June 19, 2006, while Yang's motion for post-conviction relief was pending. However, Yang did not file his petition until June 19, 2007, thus exceeding the one-year period by almost five months.

In response to the show cause order, Yang claimed his application was timely under Colorado law because his sentence was imposed in an illegal manner requiring tolling until a legal sentence is imposed. In the alternative, he contended his sentence did not become final until 120 days after it was entered. He also claimed his state post-conviction process became final on June 23, 2006, the date the Colorado Court of Appeals mandate issued, rather than June 19, 2006, the date the Supreme court denied certiorari. The court rejected these arguments, noting the time limitation under AEDPA is governed by federal statute and, even assuming the tolling ended on June 23, 2006, Yang's petition in the federal court was still untimely.

Yang also urged equitable tolling due to his lack of English language proficiency. The district court rejected this argument as well, concluding this Circuit does not consider difficulty with the English language sufficient to

warrant equitable tolling.[2]  Yang filed a request for a COA and a motion to proceed *ifp*.  The district court denied both requests.

## II.  DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right  28 U.S.C. § 2253(c)(2).  This standard requires an applicant to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotations omitted).  Where, as here, an application was denied on procedural grounds, the applicant must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of a case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further *Id.*

Yang challenges the court's conclusion that his reason for the delay in

---

[2] Yang also argued his post-conviction counsel "abandoned" him at the end of the state proceedings and did not inform him of the AEDPA time limit.  (R. Vol. 1, Doc. 7.)  The district court correctly rejected this argument because there is no federal constitutional right to post-conviction representation.  *See Fleming v. Evans*, 481 F.3d 1249, 1255-56 (10th Cir. 2007).

filing his petition, his limited English, did not justify equitable tolling.[3]

Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[4] *Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007) (citation omitted). This Circuit applies equitable tolling to the AEDPA one-year limitation period. *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000). The issue presented here is whether limited proficiency in the English language can constitute extraordinary circumstances which, along with a showing of diligence, might justify equitable tolling.

"[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("In the final analysis, however, [petitioner] has provided no specificity regarding the alleged lack of access and the steps he took to diligently

---

[3] Yang briefly mentions illegal sentence and mandate issues in his opening brief, but does not identify them in his application for a COA. To the extent we need review these arguments, the district court correctly determined the statute of limitations for this action is found in 28 U.S.C. § 2244(d)(1), which in this instance means the date on which the judgment of conviction became final. Even assuming the tolling period extended to June 23, 2006, Yang's petition would be untimely without equitable tolling.

[4] The Supreme Court has not specifically held equitable tolling applies to the AEDPA time limitation, but has assumed its applicability in past cases. *See Lawrence v. Florida*, 127 S.Ct. 1079, 1085 n.3 (2007); *Pace v. DiGuglierlmo*, 544 U.S. 408, 418 n.8 (2005).

pursue his federal claims."). Yang alleges as follows: (1) an interpreter had to translate the state court proceedings because his "first language is Hmong and his second language is English;" (2) following his state post-conviction appeal, his court-appointed attorney "did not inform him of any time requirements to further file;" (3) he "cannot understand nor comprehend the law without assistance from others;" (4) "there was no written notice or law books in petitioner's [first] language" notifying him of the one-year statute of limitations; and (5) he "did not learn of the . . . limitation period until he was able to find an inmate who was willing to assist him in June 2007." (R. Vol. I, Doc. 7 at 1-2.) These allegations do not meet either prong of the equitable tolling test.

## A. Extraordinary Circumstance

"Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Ctr v. Brown*, 466 U.S. 147, 152 (1984). "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 127 S.Ct. 1091, 1100 (2007). It is "to be applied sparingly." *Nat'l. R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

Yang relies principally on *Mendoza v. Carey*, in which the Ninth Circuit held "[the] combination of (1) a prison law library's lack of Spanish-language legal materials, and (2) a petitioner's inability to obtain translation assistance

-6-

before the one-year deadline, could constitute extraordinary circumstances." 449

F.3d 1065, 1069 (9th Cir. 2005).[5]  The Second Circuit reached a similar result in

*Diaz v. Kelly*, 515 F.3d 149 (2d Cir. 2008).

We have taken a seemingly contrary position.  In *Laurson v. Leyba*, we

rejected the proposition that another type of language deficiency, petitioner's

dyslexia, constituted extraordinary circumstances sufficient to warrant equitable

tolling.  507 F.3d 1230, 1232 (10th Cir. 2007).  Our conclusion cited *Turner v.*

*Johnson,* a Fifth Circuit age discrimination case which held unfamiliarity with the

law due to illiteracy does not toll a limitations period "whether the unfamiliarity

is due to illiteracy or any other reason."  177 F.3d 390, 392 (5th Cir.1999).

Though we have not published a decision directly addressing proficiency in

the English language, our unpublished decisions have consistently and summarily

refused to consider such a circumstance as extraordinary, warranting equitable

tolling.  *Gomez v. Leyba*, a case remarkably similar to the one before us, is

instructive.  242 Fed. Appx. 493 (10th Cir. 2007).[6]  In *Gomez*, the petitioner

requested a COA arguing his delay in filing his habeas petition "should be

excused because (1) he did not receive appointed counsel to help him file a

---

[5]  The court determined the record was insufficient to determine whether
Mendoza had exercised the requisite diligence and therefore remanded the case to
allow the district court to clarify the factual ambiguities.  *Id.* at 1071 n.6.

[6]  Unpublished opinions are not binding precedent.  10th Cir. R. App. P.
32.1(A).  We mention *Gomez* as we would an opinion from another circuit,
persuasive because of its reasoned analysis.

habeas application, (2) the attorney who assisted him with his 35(b) motion did not advise him on how to file a habeas application, and (3) he is unfamiliar with the English language." *Id.* at 495  Based on *Turner* and our prior unpublished decisions,[7] we concluded Gomez failed to allege "extraordinary circumstances warranting equitable tolling." *Id.*

Here, Yang states only that English is his *second* language, not that he cannot speak or write it. While he states he had an interpreter in the state court proceedings, he does not explain how he filed his 2000 *pro se* state post-conviction pleadings from the same facility he has occupied throughout the relevant time period.  We do not doubt Yang's need for assistance in understanding the legal process.  But such is common for the majority of *pro se* prisoners, whether or not they have English deficits.  *See Marsh*, 223 F.3d 1217, 1220) (ignorance of the law not extraordinary); *Miller v. Marr*, 141 F.3d 976 (10th Cir. 1998) (lack of legal assistance not extraordinary).  Even less surprising

---

[7] *See Jamison v. Jones,* 197 Fed. Appx. 743, 746 (10th Cir. 2006); *United States v. Richardson,* 215 F.3d 1338 (10th Cir. 2000) (unpublished) (learning disability does not toll limitations period); *Gonzales v. Beck,* 118 Fed. Appx. 444, 447 (10th Cir. 2004) (unskilled in English language); *Malone v. Okla.,* 100 Fed. Appx. 795, 798 (10th Cir. 2004) (illiteracy); *Alexander v. Watkins*, 49 Fed. Appx. 770, 772 (10th Cir. 2002) ("[A]ppellant's assertions concerning his appellate counsel and his illiteracy . . . are insufficient to justify equitable tolling."); *Smith v. Suthers,* 18 Fed. Appx. 727, 728-29 (10th Cir. 2001) ("Illiteracy alone does not merit equitable tolling."); *United States v. Cordova,* 202 F.3d 283 (10th Cir.1999) (unpublished) ("[W]e reject the contention that the one-year limitation period is tolled indefinitely until a prisoner becomes sufficiently familiar with the English language to file a habeas petition.").

is the absence of written notice or law books in Yang's first language. This does not create a state imposed impediment, however, as the Colorado Department of Corrections is under no duty to provide access to legal materials in a prisoner's preferred language.[8] Indeed, Yang does not allege he can read Hmong. Yang's allegations fall far short of the facts needed to demonstrate extraordinary circumstances.[9]

## B. Diligence

Yang must allege with specificity "the steps he took to diligently pursue his federal claims." *Id.* He has not done so. He merely states his court-appointed attorney for the state court appeal did not inform him of the AEDPA filing deadline and he was not able to find an inmate to help him until June 2007. He has not set forth what actions he pursued to secure assistance with his language barrier inside or outside prison boundaries. His conclusory statement that he "diligently pursued his rights and remedies" will not suffice. (R. Vol., I Doc. 7 at 2).

---

[8] Unlike the situation in *United States v. Gabaldon*, Yang does not allege any affirmative action taken by prison officials which denied him access to legal documents despite timely requests. --- F.3d ---, No. 06-2348 (10th Cir. 2008).

[9] We have yet to confront a situation where the record has supported a petitioner's claim of a severe language impediment *and* diligent efforts to overcome his or her impediment. Thus, in no instance have we found a language barrier justifying equitable tolling. Because Yang has not proffered a factual basis justifying an exploration into whether a language barrier can ever be a contributing component warranting equitable tolling, we need not decide that issue here.

Even under the Ninth and Second Circuits' standards espoused by Yang, a petitioner's language deficiency must be coupled with proof of independent and diligent effort to overcome the prisoner's disabilities by alternative means. *See Mendoza*, 449 F.3d at 1070 (A petitioner must demonstrate "at a minimum . . . that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source."); *Diaz*, 515 F.3d at 154 (diligence must include an effort to contact someone who speaks his or her language outside the prison to assist, as well as an effort to find assistance within the prison).

No reasonable jurist could debate the district court's conclusion that Yang's proffer of extraordinary circumstances and diligence did not entitle him to equitable tolling.

We **GRANT** leave to proceed *ifp*[10] but **DENY** a COA and **DISMISS** Yang's application.

---

[10] Yang seeks leave from this Court to proceed *ifp* pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24. "[A] party who seeks in forma pauperis status and is certified by the district court as not appealing in good faith may nonetheless move this court for leave to proceed on appeal in forma pauperis pursuant to the mechanism set forth in Rule 24(a)(5)." *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007). Because we had not considered English proficiency in a published Tenth Circuit opinion and there is some general authority supporting Yang's position, we grant his motion to proceed *ifp*.