**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 6, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MICHAEL SAMUEL MONROE, II,

      Defendant - Appellant.

No. 17-1117
(D.C. Nos. 1:16-CV-00302-WYD and
1:12-CR-00045-WYD-12)
(D. Colo.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.

Michael Samuel Monroe, II, a federal prisoner appearing pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's denial of his 28

U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. *See* 28 U.S.C.

§ 2253(c)(1)(B) (requiring a COA to appeal an order denying a § 2255 motion).

Exercising jurisdiction under 28 U.S.C. § 1291, we deny a COA and dismiss this matter.

---

    * This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1] Because Mr. Monroe appears pro se, we construe his filings liberally, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but we do not craft arguments or otherwise advocate for him, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## Background

Mr. Monroe pled guilty to knowingly and intentionally distributing and possessing with the intent to distribute 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). In his plea agreement, he agreed to the 280 grams, Supp. ROA at 7, ¶ 23, and he pled guilty to that amount, ROA, Vol. 4 at 31. He also waived his right to appeal. Supp. ROA at 2-3, ¶¶ 4-5. The district court sentenced him to the statutory mandatory minimum of 120 months in prison. ROA, Vol. 3 at 36. Mr. Monroe did not bring a direct appeal.

Mr. Monroe filed a motion under § 2255 to challenge his sentence. He alleged two ineffective assistance of counsel claims. First, he claimed counsel was ineffective because he failed to argue at sentencing for a drug quantity of 154 grams of cocaine base and failed to object to the 280 grams. The district court rejected this claim because Mr. Monroe had stipulated and pled guilty to the 280 grams in his plea agreement and at his plea hearing. Second, he claimed counsel was ineffective because he did not file a notice of appeal. The district court denied this claim because Mr. Monroe's plea agreement contained an appeal waiver, and he could not show counsel's failure to appeal caused prejudice. He now requests a COA from this court so that he may appeal those rulings.

## Legal Standards

Mr. Monroe may not appeal the district court's denial of his § 2255 motion without a COA. 28 U.S.C. § 2253(c)(1)(B). To obtain a COA, he must make "a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), which

includes showing "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

To establish ineffective assistance of counsel, an applicant must show (1) constitutionally deficient performance that (2) resulted in prejudice by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). If the applicant is unable to show either "deficient performance" or "sufficient prejudice," the ineffective assistance claim "necessarily fails." *Hooks v. Workman*, 606 F.3d 715, 724 (10th Cir. 2010).

## Analysis

We agree with the district court that defense counsel's performance was not deficient for failure to object to the district court's sentencing Mr. Monroe based on 280 grams of cocaine base or for failure to argue for a sentence based on 154 grams. Counsel should not have been expected to do so when his client had accepted and pled guilty to the 280-gram amount in the plea agreement and at his change of plea hearing. In his brief requesting a COA, Mr. Monroe does not challenge his plea agreement or change of plea, nor does he show how reasonable jurists could disagree with the district court's decision on this issue. We therefore deny a COA on Mr. Monroe's first ineffective assistance claim.

We also agree with the district court that Mr. Monroe's second ineffective assistance claim must fail. Mr. Monroe waived his right to appeal in his plea agreement. He does not challenge this appellate waiver in his § 2255 motion or in his brief requesting a COA. Nor does he show how reasonable jurists could disagree with the district court's conclusion that he cannot show prejudice under *Strickland*. We accordingly deny a COA on this issue as well.

## Conclusion

We deny Mr. Monroe's application for a COA and dismiss this matter.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge