**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES DAVID THORNBRUGH,

    Defendant - Appellant.

No. 18-5082
(D.C. Nos. 4:17-CV-00462-CVE-FHM &
4:89-CR-00067-CVE-1)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **LUCERO**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

James David Thornbrugh, a federal prisoner appearing pro se, has filed a notice of appeal from the district court's order dismissing his "Motion to Vacate, Set Aside or Correct a Sentence Pursuant to Title 28 U.S.C. § 2255 Second-In-Time by a Person in Federal Custody and/or Federal Civil Rule 60(b) (5) & (6)," as an unauthorized second or successive § 2255 petition and dismissing it for lack of jurisdiction. We dismiss the appeal.

Thornbrugh filed a timely notice of appeal from the above-mentioned district court order, which is Appeal No. 18-5082. At the same time, Thornbrugh filed a notice of

_____

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal from the district court order that authorized the government to withdraw payments from his prison trust account, which is Appeal No. 18-5083. This order concerns only Appeal No. 18-5082.

On October 9, 2018, Thornbrugh filed a combined opening brief in both appeals. The brief, however, never mentions the district court's order that denied his motion as second or successive; instead, the brief is confined *exclusively* to the court's order regarding the withdrawal of payments from his prison trust account.

"Although we liberally construe *pro se* filings, we do not assume the role of advocate." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (internal quotation marks omitted). Indeed, a pro se litigant must "comply with the fundamental requirements of the Federal Rules of . . . Appellate Procedure." *Id*. (internal quotation marks omitted). One of those fundamental requirements is that a party actually make an argument in his opening brief. *See, e.g.*, Fed. R. App. P. 28(a)(8)(A). Therefore, where a party fails to make "any argument on the merits of the claims involved, we deem them waived under the general rule that even issues designated for review are lost if they are not actually argued in the party's brief." *Phillips v. Calhoun*, 956 F.2d 949, 954 (10th Cir. 1992). Thornbrugh's brief makes no contentions regarding the district court's jurisdictional dismissal of his unauthorized successive § 2255 motion.

The appeal is dismissed.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

2