**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 13, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EMMA SERNA, d/b/a Serna & Associates
Construction Co., LLC,

     Plaintiff - Appellant,

v.

MARGETTE WEBSTER; DAVID
WEBSTER; STATE OF NEW MEXICO,
U.S. Judicial Court Division; CLAYTON
CROWLEY; ALEX CHISHOLM; CARL
BUTKUS; ALAN MALOTT; BEATRICE
BRICKHOUSE; BOBBY JO WALKER;
JAMES O'NEAL; ROBERT BOB
SIMON; ESTATE OF PAUL F. BECHT;
CARL A. CALVERT; JOEY MOYA;
AMY MAYER; ARTHUR PEPIN;
MONICA ZAMORA; CHERYL
ORTEGA; JOHN DOE, #1; PAT
MCMURRAY; SALLY GALANTER;
MARTHA MURILLO; NEW MEXICO
CONSTRUCTION INDUSTRIES
DIVISION; ROBERT UNTHANK,
"Mike"; MARTIN ROMERO; AMANDA
ROYBAL; NAN NASH; JOHN WELLS,

     Defendants - Appellees.
_____

No. 18-2049
(D.C. No. 1:17-CV-00020-JB-JHR)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Before **LUCERO**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

Emma Serna, d/b/a Serna & Associates Construction Co., LLC, appeals from the district court's judgment dismissing her pro se civil rights complaint against individuals involved in a state court dispute and imposing restrictions on her further filings in the District of New Mexico. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

This case arose from a state court dispute between Serna and defendants Margette and David Webster concerning a home remodeling project. Serna has sued numerous individuals involved with the ongoing state court litigation and arbitration proceedings, including state court judges and her own prior attorneys.

After extensive preliminary procedural activity, a magistrate judge entered Second Proposed Findings and Recommended Disposition ("Second PFRD") on May 4, 2017. Serna filed two sets of objections to the Second PFRD. Finding her objections unpersuasive, the district court entered its primary dispositive order on September 30, 2017.

The September 30 order identified 53 matters at issue and, among other things, the district court denied Serna's motions for default judgment, motions to amend, and motions for injunctive relief and for sanctions, and granted the defendants' motions to dismiss. It also ordered Serna to show cause why filing restrictions should not be

2

imposed against her and granted her leave to file an amended complaint concerning three specific defendants within ten days of its order.

Serna did not comply with the September 30 order by filing an amended complaint or by showing cause why filing restrictions should not be imposed. Instead, she reasserted her dismissed claims in a number of filings, including a notice of appeal to this court. This court dismissed Serna's reasserted claims as jurisdictionally defective, but she continued filing pleadings, including a motion to recuse the district court judge and other pleadings in both the district court and this court targeting the ongoing state court proceedings. These additional actions led the judicial defendants to renew their motion for filing restrictions.

On January 26, 2018, a magistrate judge filed Third Proposed Findings and Recommended Disposition ("Third PFRD"). The Third PFRD recommended that Serna's case be dismissed with prejudice and that filing restrictions be imposed because Serna failed to comply with the district court's September 30 order. On February 2, 2018, Serna filed a document that the district court treated as an objection to the Third PFRD.[1] The only other document she filed during the 14-day period for objections was another motion seeking recusal of the district court judge.

In its order dated March 31, 2018, the district court determined that Serna's stated objections did not justify her failure to comply with the September 30 order, and that Serna had also failed to comply with its previous directive to file an

---

[1] This document is not part of the formal record on appeal, but we have considered it in view of Serna's pro se status. See 10th Cir. R. 10.2(C) (explaining that the district court clerk has duty to prepare record in pro se cases).

3

amended complaint. The district court dismissed the action with prejudice, and imposed filing restrictions in light of Serna's failure to comply with the court's directives and her lengthy and abusive filing history. Serna timely appealed.

## II

We liberally construe Serna's pro se briefs and other filings with this court, but we do not act as her advocate. Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008). "Pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Id. (quotations omitted).

## A

This court considers only those arguments adequately presented in an appellant's opening brief. Bronson v. Swensen, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."). Although purportedly appealing the district court's final judgment, Serna has failed to adequately develop an argument in her opening brief that the district court erred in its application of the factors outlined by this court in Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992), which govern dismissal with prejudice, or in its conclusion that filing restrictions were required to restrain her vexatious litigation practices. She has therefore waived any challenges to these aspects of the district court's order.

**B**

To preserve issues for appellate review, objections to a magistrate judge's report and recommendation must be both timely and specific. See Salazar v. Butterball, LLC, 644 F.3d 1130, 1143 (10th Cir. 2011). Serna filed two sets of objections to the Second PFRD, which recommended granting the defendants' motions to dismiss. The district court concluded that these objections did not contest the facts or legal analysis contained in the Second PFRD, thus waiving Serna's right to appellate review.

In Serna's only appellate attack on that finding, she argues she timely objected to the Second PFRD. But she has failed to make a showing of both timely and specific objections sufficient to defeat the waiver. Serna fails to explain why her first set of objections were sufficiently specific, arguing only on appeal that they were timely, which is not disputed. And Serna fails to demonstrate the timeliness of her second set of objections, which were filed on June 13, 2017, well past the already-extended June 1 deadline.

**C**

Serna also argues that she promptly objected to the September 30 order and timely answered the March 31 order. She implies that her timely objection prevented these orders from becoming effective. But these were district court orders, not magistrate judge recommendations that required the resolution of timely filed objections before becoming final. See 28 U.S.C. § 636(b)(1) (describing procedure for objecting to magistrate judge's findings and recommendations). The only

5

additional pleadings Serna was required to file as the result of these district court orders were an amended complaint and a pleading showing cause why filing restrictions should not be imposed. The district court concluded that she failed to file the required pleadings and therefore dismissed this action. She now fails to show it erred in doing so.

**D**

Serna finally asserts that the district court erred by ignoring her motions for default judgment.[2] "We review a district court's denial of a motion for default judgment for abuse of discretion." Harvey v. United States, 685 F.3d 939, 945 (10th Cir. 2012). The district court did not abuse its discretion in this case because the district court could not have granted default judgment given Serna's failure to seek or obtain a default against any of the listed defendants.

**III**

The district court's judgment is **AFFIRMED**. All pending appellate motions are **DENIED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[2] Although the district court eventually dismissed the entire action for failure to comply with its orders, the final dismissal did not moot the appellate issues we have addressed on the merits. The March 31, 2018, order did not affect the district court's earlier, separate dismissals of individual defendants, or its previous denials of Serna's motions for default judgment against those defendants.