**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 12, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CHRISTOPHER L. RHONE,

    Plaintiff - Appellant,

v.

KENNETH SCHMANKE;
K1 HOSPITALITY LLC,

    Defendants - Appellees.

No. 25-3062
(D.C. No. 5:24-CV-04060-EFM-RES)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MATHESON**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and
**BACHARACH**, Circuit Judge.

_____

Christopher L. Rhone appeals the district court's dismissal of his employment action.[1]  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Rhone is pro se, we construe his filings liberally but do not act as his advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## I.  BACKGROUND

K1 Hospitality, LLC (K1) hired Mr. Rhone to perform culinary tasks and serve as a backup cashier.  Kenneth Schmanke owns K1.  Mr. Rhone's employment with K1 ended after a few months of work.  He applied for unemployment benefits, contending K1 fired him, but his application was denied because K1 asserted he left on his own.  He next filed a complaint with the Equal Employment Opportunity Commission (EEOC) and received notice of his right to sue.

Mr. Rhone sued Mr. Schmanke and K1, alleging race, age, and disability discrimination under Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act of 1967 (ADEA), and the Americans with Disabilities Act of 1990 (ADA).  He also asserted state law claims.  Mr. Schmanke moved to dismiss and K1 moved for summary judgment.

The district court granted Mr. Schmanke's motion to dismiss, concluding that Title VII, the ADEA, and the ADA authorize claims against an employer and that Mr. Rhone's complaint stated his employer was K1, not Mr. Schmanke.

The district court then entered judgment for K1, treating K1's summary judgment motion as a factual attack on the district court's jurisdiction under Federal Rule of Civil Procedure 12(b)(1), thus allowing it to make jurisdictional factual findings.  *See Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020) ("When a defendant brings a factual attack, a district court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." (internal quotation marks omitted)).

The district court found K1 did not employ more than 10 people and therefore was not an employer under Title VII, the ADA, or the ADEA.[2] The court said Mr. Rhone did not provide evidence that K1 employed more than 10 people, nor provide evidence to show K1 could be covered as an "employer" under the "integrated enterprise doctrine," which provides for a court to consider related entities in determining whether they constitute a single employer. *See Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1184 (10th Cir. 1999). It thus held Mr. Rhone did not show K1 was subject to suit.

After dismissing the federal claims, the district court declined to exercise supplemental jurisdiction and dismissed the state-law claims. Mr. Rhone timely appealed.

## II. DISCUSSION

"The first task of an appellant is to explain to us why the district court's decision was wrong." *Nixon v. City & Cnty. of Denv.*, 784 F.3d 1364, 1366 (10th Cir. 2015). Mr. Rhone did not do so in his opening brief, waiving appellate review. *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). And we do not generally consider arguments raised in the reply brief for the first time. *See Stump v. Gates,* 211 F.3d 527,

---

[2] *See* 42 U.S.C. § 2000e(b) (Title VII) (defining "employer" as "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks"); 42 U.S.C. § 12111(5)(A) (ADA) (defining "employer" as "person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of twenty or more calendar weeks"); 29 U.S.C. § 630(b) (ADEA) (defining "employer" as "person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks").

533 (10th Cir. 2000) ("This court does not ordinarily review issues raised for the first time in a reply brief."). Mr. Rhone's reply brief contentions are otherwise not persuasive.

## A. *The Motion to Dismiss and Supplemental Jurisdiction*

In his opening brief, Mr. Rhone does not expressly challenge the grant of Mr. Schmanke's motion to dismiss. He does appear to challenge the district court's decision to refrain from exercising supplemental jurisdiction over the state-law claims and contends in his reply brief that Mr. Schmanke is liable under those claims. Even if that were correct, we discern no error in the court's discretionary decision not to exercise supplemental jurisdiction. *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." (internal quotation marks omitted)).

## B. *Motion for Summary Judgment*

The district court treated K1's motion for summary judgment as a Rule 12(b)(1) motion. The court determined it lacked jurisdiction because Mr. Rhone did not provide evidence that K1 employed the requisite number of people to meet the definition of "employer" under Title VII, the ADA, or the ADEA. We cannot affirm on this ground because in *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006), the Supreme Court held the employee Title VII numerosity requirement is an element of the claim and not a jurisdictional prerequisite. *See Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 992 n. 2 (6th Cir. 1997) (recognizing that "Title VII, the ADEA, and the ADA define 'employer' essentially the same way").

4

We nonetheless affirm the district court's judgment because Mr. Rhone failed to create a genuine issue of material fact regarding the federal claims' employee numerosity element.  *See Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1192 (10th Cir. 2015) ("[W]e can affirm on any ground supported by the record, so long as the appellant has had a fair opportunity to address that ground." (internal quotation marks omitted)).

Reviewing K1's summary judgment motion de novo, *Byrnes v. St. Catherine Hosp.*, 158 F.4th 1107, 1120 (10th Cir. 2025), "we examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party"—here, Mr. Rhone, *Ellis*, 779 F.3d at 1192. Summary judgment must be granted "if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

The record fails to show that K1 employed more than 10 people.  Mr. Rhone did not provide evidence to create a genuine issue of material fact on this issue.  He therefore cannot establish that K1 can be sued as an employer under the federal statutes.  We further reject his contention that the district court should have applied the integrated enterprise doctrine for substantially the same reasons stated by the district court.

## III.  CONCLUSION

We affirm the district court's judgment.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

5