**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 24, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LAWRENCE L. KELLY,

　　　　Plaintiff-Appellant,

v.

TOPEKA HOUSING AUTHORITY,

　　　　Defendant-Appellee.

No. 07-3348
(D.C. No. 5:04-CV-04069-JAR-JPO)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

　　　　Lawrence L. Kelly appeals from the district court's denial of his motion to

reopen.  We have jurisdiction under 28 U.S.C. § 1291, and we dismiss this appeal

as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

　　　　The Topeka Housing Authority (THA) terminated Mr. Kelly's federal

low-income housing assistance because of a charge that his son was involved in

---

[*]　　　　After examining appellant's brief and the appellate record, this panel has
determined unanimously to grant appellant's request for a decision without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

criminal drug activity at Mr. Kelly's residence. Mr. Kelly then filed a one-page complaint in the district court challenging the THA's decision on a number of grounds. The district court granted THA's motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. After a panel of this court affirmed, Mr. Kelly filed a motion to reopen the case, which the district court denied. Another panel of this court affirmed that decision on the basis of res judicata because, in his motion to reopen, Mr. Kelly had simply reiterated his underlying claims.

After his unsuccessful second appeal, Mr. Kelly filed yet another motion in the district court to reopen the case, arguing that the district judge had closed the case for no apparent reason and that he wanted a different judge to hear his claims. He also implied that the district judge, and the three judges of this court who affirmed the denial of his first motion to reopen, improperly restricted his ability to pursue his case. The district court denied the motion, stating that the case was closed and that Mr. Kelly "ha[d] articulated no basis for reopening the case, other than refusing to accept the judgment of this Court and the Tenth Circuit Court of Appeals." R., Doc. 50. Mr. Kelly has appealed from that order.

We treat Mr. Kelly's motion to reopen as based on Fed. R. Civ. P. 60(b) and review its denial for abuse of discretion. *See Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1177 (10th Cir. 2005). Because Mr. Kelly has proceeded pro se in

this court and the district court, we view his filings liberally, but we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

On appeal, Mr. Kelly again argues the merits of his claims, and also asserts that "[t]his 1st Amendment Charge of the U.S. Constitution 'Due Process of The Law' is against the four Judges that handled this case," Aplt. Br. at 3, whom he apparently accuses of conspiring to show favoritism to the THA, failing to apply the proper law, and failing to consider evidence. But as the district court correctly stated, Mr. Kelly provided no arguable basis in his motion for reopening this case. He simply refuses to accept the judgment of the district court, affirmed by this court, that his complaint failed to state a claim for relief under Rule 12(b)(6). And his accusations of judicial misconduct are wholly speculative. Accordingly, we deem this appeal frivolous, deny Mr. Kelly's application to proceed on appeal without prepayment of fees and/or costs, and DISMISS the appeal. *See* 28 U.S.C. § 1915(e)(2)(B)(i). We caution Mr. Kelly that further frivolous appellate filings in this matter may subject him to filing restrictions or other sanctions.

Entered for the Court

Michael R. Murphy
Circuit Judge

-3-