FILED
United States Court of Appeals
Tenth Circuit

June 22, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAYMOND G. ANDERSON,

　　　　Petitioner–Appellant,

v.

JANE STANDIFIRD, Warden,

　　　　Respondent–Appellee.

No. 12-5033

(D.C. No. 4:11-CV-00265-TCK-PJC)

(N.D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Petitioner, a state prisoner proceeding pro se, seeks a certificate of appealability to appeal the district court's denial of his § 2241 habeas petition. In December 2003, Petitioner pled guilty to multiple drug charges and three counts of injury to a minor child. He was sentenced to a rather lengthy term of imprisonment, and a judicial review hearing was set for January 10, 2005. At the January 2005 judicial review hearing, the state court judge modified Petitioner's sentences, ordering him to serve twelve years on the counts of injury to a minor child with additional years suspended for these counts and for the drug crimes.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

As a result of earned credits he accumulated while in prison, Petitioner was discharged from prison on December 24, 2008. However, prison officials subsequently determined Petitioner should not have accumulated earned credits because the crime of injury to a minor child is subject to Oklahoma's 85% rule, meaning Petitioner was required to serve at least 85% of the sentence imposed and was "not [] eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed." Okla. Stat. tit. 21, § 12.1. Thus, according to Petitioner's habeas petition, on April 13, 2009, he was ordered to report to the probation office, where he "was handcuffed, taken to county jail and informed that the [Department of Corrections] was returning him to custody because his injury to a minor child conviction was an 85% crime." (R. at 9.)

After he was taken back into custody, Petitioner filed various state pleadings in an attempt to challenge his defense counsel's alleged failure to inform him of the 85% rule during plea negotiations and his return to prison without a due process hearing. After these challenges failed, Petitioner filed the instant federal habeas petition in April 2011. The district court then dismissed the petition as time-barred. The court concluded that, even calculating the limitations period as liberally as possible, Petitioner's habeas petition was still untimely. Even if the limitations period did not begin until April 13, 2009, when Petitioner was allegedly informed that his crime was subject to the 85% rule, and including tolling for all of the time periods in which properly filed applications for state collateral review were pending, Petitioner's deadline for filing his federal habeas petition

was Monday, April 25, 2011, and Petitioner did not file his petition until April 28, 2011, at the earliest.

In his request for a certificate of appealability, Petitioner argues the district court should not have started the limitations period on April 13, 2009, because, contrary to his assertions in his habeas petition, he was actually not taken back into custody until April 15, 2009, and he was not informed of the reason why he was being taken back into custody until June 2009. He thus argues his petition was filed within one year after he could have discovered the factual predicate of his claims. He also argues he is entitled to equitable tolling based on the extraordinary circumstances of his re-incarceration after he was discharged from prison.

After thoroughly reviewing the record and Petitioner's filings on appeal, we conclude that reasonable jurists would not debate the district court's dismissal of the habeas petition on timeliness grounds. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not debate whether the district court erred in using the dates Petitioner provided in his habeas petition to calculate the tolling period, and Petitioner's belated attempt to assert new facts is insufficient to show error in the district court's decision. Nor would reasonable jurists debate whether the district court abused its discretion by denying equitable tolling where Petitioner failed to show that he diligently pursued his claims or that extraordinary circumstances prevented him from filing his federal habeas petition within the limitations period. *Cf. Yang v. Archuleta*, 525 F.3d 925, 928-29 (10th Cir. 2008). Therefore, for substantially the same reasons given by the

district court, we **DENY** Petitioner's request for a certificate of appealability and

**DISMISS** the appeal.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge