FILED
United States Court of Appeals
Tenth Circuit

November 19, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

KENNETH C. SMITH,

      Defendant-Appellant.

No. 12-3077
(D.C. No. 5:11-CR-40080-RDR-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Following a workplace incident at a Kansas army hospital, Kenneth Smith was

tried and convicted of one count of obstruction of official duty and two counts of

disorderly conduct. He was sentenced to one year of probation. Smith now appeals

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his convictions and sentence.[1]  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Smith challenges his conviction and sentence on 11 different grounds, contending that, among other claims, the prosecution withheld and tampered with exculpatory evidence, the court failed to allow evidence of malicious prosecution, the jury was not properly instructed, and Smith was unable to represent himself at trial because he was on medication.

None of the grounds Smith raises, however, contain any factual or legal arguments to support them.  Liberally construing his pro se filings, *Cummings v. Evans,* 161 F.3d 610, 613 (10th Cir. 1998), Smith's appeal is nevertheless entirely composed of conclusory allegations that are either unsupported or supported only by bald accusations of error and hollow legal references.  They are completely lacking in support by evidence in the record.  Federal Rule of Appellate Procedure 28(a)(9)(A) requires that an appellant provide an argument containing "citations to the authorities and parts of the record on which the appellant relies," yet Smith has utterly failed to do so.   We will not "assume the role of advocate" and make Smith's arguments for him.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (internal quotation marks omitted).  We therefore find no occasion to question the propriety of Smith's conviction and sentence.

---

[1]    Although Smith erroneously refers to 28 U.S.C. § 2241 in his opening brief, we note this is a direct criminal appeal and not a habeas petition under § 2241.

The judgment of the district court is AFFIRMED. The motion to proceed in forma pauperis is DENIED.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge