**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 3, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RICHARD DALE MONTGOMERY,

      Defendant-Appellant.

No. 12-5053
(D.C. Nos. 4:07-CR-00122-GKF-1 and
4:08-CV-00687-GKF-TLW)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY**, **EBEL** and **HARTZ**, Circuit Judges.

**BACKGROUND**

Mr. Montgomery was convicted by a jury of coercion and enticement of a minor,

in violation of 18 U.S.C. § 2422(b). The evidence presented at trial established that Mr.

Montgomery had engaged in a six-month online relationship with an undercover agent

posing as a thirteen-year-old girl. Their communications involved sexually explicit

conversation, and the relationship culminated in Mr. Montgomery being apprehended as

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

he attempted to carry out a plan to meet and have sex with the undercover agent that he believed to be a young girl.  Following his conviction, he was sentenced to a 120-month term of imprisonment, which is the statutory minimum for his offense, to be followed by seven years of supervised release.

Mr. Montgomery did not file a direct appeal following his sentence and conviction. But subsequently, he filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel.[1]  The district court appointed counsel to represent Mr. Montgomery, and issued an order concluding that he was entitled to an evidentiary hearing on his claims that counsel had provided ineffective assistance by failing to file an appeal, failing to obtain and present particular evidence during trial, and failing to call certain witnesses at sentencing.  The district court also referred the matter to a magistrate judge.  Following the evidentiary hearing, the magistrate judge submitted a recommendation to deny the motion, to which Mr. Montgomery objected.  After discussing the evidence brought forth in the hearing, the district court adopted the magistrate judge's recommendation and denied the motion.

Mr. Montgomery filed in the district court a notice of appeal. He also filed a motion for certificate of appealability ("COA"), which the district court denied.  Mr.

---

[1] Mr. Montgomery also filed a motion for a new trial, which the district court denied on the same day that it denied this motion. We address Mr. Montgomery's appeal of the denial of his motion for a new trial in a separate order.

Montgomery asks this court to issue a COA. For the reasons set forth below, we decline to do so.

**DISCUSSION**

**I. Standard of Review**

Under 28 U.S.C. § 2255, this Court lacks jurisdiction to consider the merits of a habeas appeal unless we grant the applicant a COA. We issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "This standard requires an applicant to show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further . . . ." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

**II. Ineffective Assistance of Counsel: Failure to File an Appeal**

We conclude Mr. Montgomery has not made a substantial showing that he was denied his Sixth Amendment right to counsel. In considering a claim for ineffective assistance of counsel, there is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 688 (1984). To prove an ineffective assistance of counsel claim under Strickland, Mr. Montgomery must establish (1) that his "counsel committed serious errors in light of prevailing professional norms such that his legal representation fell below an objective standard of reasonableness," and (2) "that this deficient performance mattered—namely,

3

that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Wackerly v. Workman, 580 F.3d 810, 829 (10th Cir. 2009) (internal quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Mr. Montgomery has not made such a showing.

First, Mr. Montgomery claims that he had asked his counsel to file an appeal and that his counsel was ineffective for failing to do so. Mr. Montgomery and his counsel disagree regarding the advice counsel gave Mr. Montgomery concerning an appeal, and whether Mr. Montgomery requested that counsel file an appeal. After weighing the conflicting testimony of Mr. Montgomery and his counsel, along with the other evidence presented at the hearing, the district court determined that the testimony of Mr. Montgomery's counsel was more credible than Mr. Montgomery's testimony. Accordingly, the court concluded that Mr. Montgomery had not demonstrated that his counsel was ineffective in his advice concerning an appeal or in his failure to file an appeal.

Second, Mr. Montgomery claims that his counsel was ineffective for failing to procure and present additional evidence at trial. Specifically, he argues that counsel should not have proceeded to trial without obtaining his hard drive for forensic analysis to discover discrepancies in the chat logs provided by the Government. Other than Mr. Montgomery's own inconsistent testimony, there was not any evidence to support the claim there were chat logs missing from the evidence provided by the Government.

4

Further, other evidence produced at the hearing indicated that the Government prepared and provided records of all the chats between the undercover agent and Mr. Montgomery, and that Mr. Montgomery's hard drive did not contain any chat logs. Moreover, defense counsel elicited stipulations from the Government concerning what Mr. Montgomery claimed would be revealed from searching his hard drive—such as that there was no evidence of child pornography found on his computer, and that the undercover agent initiated nearly all the chats, made the first reference to body parts, and wanted to meet face to face. Accordingly, the district court concluded that counsel's conduct regarding the hard drive was objectively reasonable, and that in any event, Mr. Montgomery was not prejudiced by his counsel's conduct.

Third, Mr. Montgomery claims that his counsel was ineffective for allegedly failing to comply with Mr. Montgomery's request to call four witnesses to testify concerning Mr. Montgomery's character as mitigating evidence at the sentencing hearing. The district court found credible counsel's testimony that he had discussed the sentencing hearing with Mr. Montgomery, and that at the close of their discussion, Mr. Montgomery did not instruct him to call any witnesses. Moreover, during the trial, the court heard similar evidence concerning Mr. Montgomery from his wife and a friend of his daughter. Most importantly, the prosecution testified that if defense counsel had called witnesses at the sentencing hearing, the prosecution would have called on a child victim to testify that she and Mr. Montgomery had had online conversations of a sexual nature. Accordingly,

5

the court concluded that Mr. Montgomery had not overcome the presumption that counsel acted reasonably or that the failure to call the witnesses resulted in prejudice.

For substantially the same reasons provided by the district court, we agree that Mr. Montgomery has not made a substantial showing that his constitutional rights were violated by ineffective assistance of counsel.  Accordingly, this court will not issue a COA.

## CONCLUSION

We DENY Mr. Montgomery's request for a COA and DISMISS this appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge