FILED
United States Court of Appeals
Tenth Circuit

January 30, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICHARD C. OLSON,

Plaintiff-Appellant,

v.

KANSAS DEPARTMENT OF
REVENUE, DIVISION OF TAXATION;
NICK JORDAN, Secretary of Revenue;
RODGER SMITH, Problem Resolution
Officer for Department of Revenue,

Defendants-Appellees.

No. 13-3233
(D.C. No. 2:13-CV-02190-RDR-DJW)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **MATHESON**, Circuit Judges.

Richard C. Olson, pro se, appeals from the district court's dismissal of his

action. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Olson filed this action after he was denied a Kansas homestead rebate,

naming as defendants the Kansas Department of Revenue, Kansas Secretary of

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Revenue Nick Jordan, and Rodger Smith, a Problem Resolution Officer for the Department of Revenue. Mr. Olson claimed that the denial of his rebate violated his rights under the Americans with Disabilities Act ("ADA") and his due process rights "as to [the] 8th and 14th Amendments." R. at 6. He also alleged that he was reported to the United States Department of Homeland Security "for no reason." *Id.* He sought "damages against each defendant personally and against [their] job at the State of Kansas." *Id.* at 5.

Defendants filed a motion to dismiss, arguing that Mr. Olson brought only official-capacity claims and therefore all defendants were entitled to Eleventh Amendment immunity. They also contended that Mr. Olson failed to state a claim of discrimination under the ADA. When Mr. Olson failed to file a response to the motion within the permitted time, the court ordered him to show cause why the motion should not be considered unopposed. Mr. Olson responded but failed to challenge either of the asserted grounds for dismissal. Instead, he asked the court to order the defendants to answer his "petition," *id.* at 22, and, if they did not, to grant his motion for summary judgment.

The district court granted defendants' motion and dismissed the action without prejudice. Despite the statement in the complaint that Mr. Olson sought relief against the individual defendants "personally," *id.* at 5, the court determined that he had brought only official-capacity constitutional claims because there were no individual allegations regarding Mr. Jordan, and the only individual allegation against

Mr. Smith was that he was "hateful and disgusting," *id.* at 7. This, the court said, was inadequate to state an individual-capacity claim for relief against either individual defendant because it did not make clear what either defendant had done to Mr. Olson. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (stating that when a plaintiff names a "government agency and a number of government actors sued in their individual capacities[,] . . . it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, . . . as distinguished from collective allegations against the state"). The court then concluded that the Eleventh Amendment barred the official-capacity constitutional claims for damages against all defendants and therefore dismissed those claims for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See Reames v. Okla. ex rel. OK Health Care Auth.*, 411 F.3d 1164, 1167 (10th Cir. 2005) (explaining that the Eleventh Amendment "precludes not only actions in which the state is directly named as a party, but also actions brought against a state agency or state officer where the action is essentially one for recovery of money from the state treasury"); *Lewis v. Kan. Dep't of Revenue*, 380 F. Supp. 2d 1211, 1213 (D. Kan. 2005) (concluding that the Kansas Department of Revenue is a state agency to which Eleventh Amendment immunity applies).

The district court next concluded that Mr. Olson failed to set forth sufficient facts to state a claim for relief under the ADA and therefore dismissal of the ADA claim was in order under Federal Rule of Civil Procedure 12(b)(6). The only relevant

facts alleged were that Mr. Olson was in a wheelchair and uses oxygen and that he was denied a homestead rebate. The court considered these allegations to be of the conclusory sort that this court found inadequate to state a claim of discrimination in *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010).

Finally, the district court rejected Mr. Olson's claim that he was entitled to summary judgment because defendants had not filed an answer to his complaint. The court noted that Mr. Olson had not filed a motion for summary judgment; that defendants' motion to dismiss was timely filed in lieu of an answer, as provided for in Federal Rule of Civil Procedure 12(b); that defendants were not in default; and that the court could find no reason for granting summary judgment. Mr. Olson appeals.

We review dismissals under Rules 12(b)(1) and 12(b)(6) de novo. *Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004). Because Mr. Olson is pro se, we afford his filings a liberal construction, but we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

On appeal, Mr. Olson fails to raise any meritorious challenge to the district court's Eleventh Amendment or ADA analysis. He claims he brought individual-capacity claims against Messrs. Jordan and Smith, but the argument is summary. Moreover, he did not make it to the district court, and he did not deny defendants' contention that he was suing them in their official capacities only. We therefore agree with the district court that the allegations in the complaint were

insufficient to state any individual-capacity constitutional claims and that the Eleventh Amendment bars the official-capacity constitutional claims.

As to his ADA claim, Mr. Olson only reiterates that he is confined to a wheelchair and uses oxygen at all times, but he did not provide the district court with sufficient factual substantiation of his ADA claim, and on appeal, he has not shown that the district court should have given him an opportunity to amend his complaint before dismissal without prejudice. *See Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (explaining Supreme Court precedent requiring a complaint to contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation" and that the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" (internal quotation marks omitted)); *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) ("[D]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." (brackets and internal quotation marks omitted)). Accordingly, we see no error with regard to the ADA claim.

Mr. Olson also argues that the district court should have required defendants to answer his complaint and should have granted him summary judgment when they did not. This argument is frivolous. The district court accurately observed that Mr. Olson never filed a motion for summary judgment, and the court correctly ruled

that defendants' motion to dismiss in lieu of an answer was procedurally proper under Rule 12(b).

Finally, Mr. Olson makes conclusory allegations that the district judge colluded with defendants and was biased in their favor. But "[a]n unsubstantiated suggestion of personal bias or prejudice is insufficient to mandate recusal" of a judge. *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1027 (10th Cir. 1988).

The judgment of the district court is affirmed.

Entered for the Court

Stephen H. Anderson
Circuit Judge