FILED
United States Court of Appeals
Tenth Circuit

March 17, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROBERT M. LANE,

    Plaintiff - Appellant,

v.

LUCAS BUCKLEY; DFWU LLC; DRAY,
DYEKMAN REED AND HEALEY PC;
GREGORY C. DYEKMAN;
HATHAWAY AND KUNZ PC;
COLLEEN LANE; MATTHEW W.
LANE; PATRICIA E. LANE; SCOTT W.
MEIER, CPA,

    Defendants - Appellees.

No. 15-8111
(D.C. No. 2:15-CV-00155-NDF)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **PORFILIO**, and **BALDOCK**, Circuit Judges.
_____

Robert M. Lane, pro se, appeals the district court's denial of his emergency

motion for a preliminary injunction (PI Motion). Exercising jurisdiction under

28 U.S.C. § 1292(a)(1), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Mr. Lane filed a complaint in Arizona state court alleging (among other things and as relevant to this appeal) that one of the defendants—his sister, Patricia E. Lane—managed DFWU, LLC, whose sole owners were entities representing Mr. Lane's retirement funds. According to Mr. Lane, she breached her fiduciary duties to him by loaning herself $2.2 million from DFWU with no requirement to make any payments for 40 years. He asserted that the transaction violated DFWU's operating agreement, pension and IRA agreements, state law, and the Internal Revenue Code.[1]

A number of defendants removed the case to federal court and filed motions to dismiss or transfer the case to the District of Wyoming based on lack of personal jurisdiction in Arizona. While those motions were pending, Mr. Lane filed his PI Motion in which he sought to freeze $2.8 million in assets of his sister and a number of other defendants (including her attorney) who allegedly assisted her in hiding what remains of the loan proceeds (some $1.6 million by Mr. Lane's estimation) and to prohibit her from continuing to spend the loan proceeds. He alleged that the loan deprived him of his ability to retire immediately (he was 62 at the time). The affected defendants sought extensions of time to respond to the PI Motion until after the court disposed of the dismissal/transfer motions, and Mr. Lane sought default judgment on the PI motion against them.

---

[1] The remainder of Mr. Lane's claims arise from defendants' agreement to transfer the assets (some $40 million) of two trusts and a company, all created for his benefit, to the bankruptcy trustee in Mr. Lane's personal bankruptcy case.

The Arizona district court then transferred the case to the District of Wyoming. Soon after the transfer, the Wyoming district court determined that responses to the PI Motion were unnecessary and denied the PI Motion. The court determined that Mr. Lane had not shown irreparable harm because he sought only economic relief and because he presented only speculation, not clear evidence, that the defendants would use the loan proceeds or that his sister would have no way to pay any money judgment against her unless enjoined from using the loan proceeds. The court recited that in his PI Motion, Mr. Lane had "merely state[d] that 'Defendants are likely to further spend the proceeds of the loan for their benefit' and 'Patricia Lane is not believed outside the proceeds of the loan to have the ability to repay the loan.'" R. at 507 (quoting R. at 220). The court denied as moot Mr. Lane's motions for default judgment on the PI motion and the defendants' motions for extensions of time to respond to the PI Motion. Mr. Lane appeals.

## DISCUSSION

We review the denial of preliminary injunctive relief for abuse of discretion. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003). Under that standard, "we examine the district court's factual findings for clear error and review its legal determinations de novo." *Id.* To obtain preliminary injunctive relief, the movant must show "(1) [he] will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits." *Id.*

3

(brackets, ellipsis, and quotation omitted). "[A] preliminary injunction is an extraordinary remedy, and . . . it should not be issued unless the movant's right to relief is *clear and unequivocal*." *Id.* (emphasis added) (internal quotation marks omitted). We afford Mr. Lane's pro se filings a liberal construction but we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

There was no abuse of discretion here. As the district court pointed out, Mr. Lane sought to forestall purely economic harm, which generally is insufficient to constitute irreparable harm. *See, e.g.*, *Heideman*, 348 F.3d at 1189 ("It is . . . well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages."). And he presented nothing but his own speculative opinions that any of the affected defendants would spend the balance of the loan or that his sister would be unable to pay on a money judgment if he were to prevail in the litigation. *See* R. at 257 (Mr. Lane's affidavit stating "*I believe* that only $1.6 million or less of the $2.8 million owed still remains and that Defendants are spending the funds" and "*I do not believe* that Patricia Lane has the ability to repay the loan without the loan proceeds" (emphases added)). These opinions do not demonstrate that he has a "clear and unequivocal" right to preliminary injunctive relief. *Heideman*, 348 F.3d at 1188 (internal quotation marks omitted). Further, the PI Mr. Lane requested would not return any of the money to him, so it is of no consequence to the irreparable-harm analysis whether the loan has deprived him of the ability to immediately retire or that he currently appears to be indigent.

4

Mr. Lane's arguments to the contrary are unpersuasive. He contends that the district court clerk should have granted his motion for a default judgment on the PI Motion because none of the affected defendants filed a timely response to the motion but instead filed untimely motions for extensions of time to respond. But a default judgment is available when a defendant fails to defend against the claims against it. *See* Fed. R. Civ. P. 55(a). It is not available simply because a party does not file a timely response to a PI Motion.

Mr. Lane also posits that because the district court discussed only the irreparable-harm factor, the court presumed he was likely to prevail on the merits of his case, which in turn entitled him to a presumption of irreparable harm. This argument is not only circular but rests on a fundamental misreading of the district court's analysis. Because Mr. Lane had to show all four PI factors, the court focused on his inability to meet one of them—the irreparable-harm factor—which was dispositive. The court did not implicitly determine he was likely to prevail on the merits of his case.

Mr. Lane further suggests the district court may have been biased against him because "some judges and court personnel systematically discriminate against [pro se] litigants." Aplt. Opening Br. at 4. This accusation is speculative, wholly conclusory, and apparently based only on the fact that district court ruled against him. Accusations of this sort are insufficient to show judicial bias. *See Willner v. Univ. of Ks.*, 848 F.2d 1023, 1027 (10th Cir. 1988) ("An unsubstantiated suggestion of personal bias or prejudice is insufficient to mandate recusal . . . .").

5

Finally, Mr. Lane raises a number of arguments that he did not present in his PI motion. We generally do not consider arguments raised for the first time on appeal. *See Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1539 (10th Cir. 1992). Further, most of the arguments appear for the first time in his appellate reply brief, which places another significant procedural barrier between them and our review. *See United States v. Murray*, 82 F.3d 361, 363 n.3 (10th Cir. 1996) ("We decline to consider arguments raised for the first time in a reply brief."). We will, however, briefly comment on two of his reply-brief arguments. First, Mr. Lane contends that his affidavit setting forth his opinion constitutes unrebutted evidence of irreparable harm. This, however, confuses the use of affidavits at the summary-judgment stage with what is required under the PI standard. *Compare Hansen v. PT Bank Negara Indonesia (Persero)*, 706 F.3d 1244, 1250 (10th Cir. 2013) ("[A]ffidavits are entirely proper on summary judgment . . . ."), *with Snyder v. Am. Kennel Club*, 575 F. Supp. 2d 1236, 1240 (D. Kan. 2008) ("A party seeking a preliminary injunction must make its case not by mere allegations, but by clear proof."). Furthermore, "[a]s a general rule, a preliminary injunction should not issue on the basis of affidavits alone," and "a district court should be wary of issuing an injunction based solely upon allegations and conclusory affidavits submitted by plaintiff." *Atari Games Corp. v. Nintendo of Am., Inc.*, 897 F.2d 1572, 1575 (Fed. Cir. 1990).

Second, Mr. Lane contends that the defendants are barred from raising any arguments on appeal because they filed no responses to the PI Motion. This

argument overlooks that the district court determined it could decide the PI Motion without a response from any of the defendants, so the court never ruled on the defendants' motions for extensions of time to respond. In these circumstances, the defendants are free to defend the grounds of the district court's decision unhampered by any forfeiture or waiver rules.

## CONCLUSION

The district court's order denying Mr. Lane's emergency motion for a preliminary injunction is affirmed. We grant Mr. Lane's motion to proceed *in forma pauperis* on appeal and remind him that he remains obligated to pay the fee in full. Mr. Lane's motion to expedite this appeal is denied as moot.

Entered for the Court

John C. Porfilio
Circuit Judge

7