FILED
United States Court of Appeals
Tenth Circuit

December 21, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARTIN VASQUEZ ARROYO,

     Petitioner - Appellant,

v.

RAY PRYOR,

     Respondent - Appellee.

No. 17-3199
(D.C. No. 5:15-CV-03234-SAC-DJW)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

Martin Vasquez Arroyo, a Kansas state prisoner proceeding pro se,[1] seeks a

certificate of appealability ("COA") to appeal the district court's denial of his

28 U.S.C. § 2254 habeas application. We deny a COA and dismiss this matter.

In 2005, Mr. Arroyo was convicted of three counts of first-degree murder, one

count of aggravated robbery, one count of felony theft, and two counts of

misdemeanor theft. *See State v. Vasquez*, 194 P.3d 563 (Kan. 2008). His direct

appeal and motion for post-conviction relief were unsuccessful. *See id.*; *Vasquez v.*

_____

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estopped. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Arroyo is pro se, we liberally construe his filings but do not act
as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

*State*, 331 P.3d 833 (table) (Kan. App. 2014), *rev. denied*, July 21, 2015. He then sought habeas relief in federal court under 28 U.S.C. § 2254 in three applications. The district court consolidated and dismissed them because Mr. Arroyo had not exhausted all of his claims in state court. It allowed him to submit an amended application containing only claims that had been properly exhausted.

In the amended application, Mr. Arroyo renewed a single claim—actual innocence. He argued that a county attorney and a police officer committed the murders. He also raised questions about the involvement of two others who were found in possession of the murder weapon (a handgun) four years after the crime, as well as the original gun owner. He based these arguments on alleged fingerprint evidence and DNA testing that the state had allegedly withheld.

The district court denied relief, stating that Mr. Arroyo had failed to provide "new reliable evidence," as required under *Schlup v. Delo*, 513 U.S. 298, 324 (1995), for an actual innocence claim, nor had he otherwise supported that any other person had committed the crimes. The court also denied a COA.

Mr. Arroyo must obtain a COA to appeal the district court's denial of § 2254 relief. *See* 28 U.S.C. § 2253(c)(1)(A), (c)(3). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). "At the COA stage, the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that 'jurists could conclude the issues presented are adequate

2

to deserve encouragement to proceed further.'" *Buck v. Daris*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

Having carefully reviewed Mr. Arroyo's filings and the record on appeal, we conclude, as the district court did, that he has failed to support his claim of actual innocence with any new evidence. Jurists of reason would not debate the district court's ruling. We therefore deny his application for a COA and dismiss this matter.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge