**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROY WILLIAM MILLS,

     Petitioner - Appellant,

v.

JOE ALLBAUGH, Director of the
Oklahoma Department of Corrections[1]

     Respondent - Appellee.

No. 18-5084
(D.C. No. 4:15-CV-00206-CVE-PJC)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **MATHESON**, and **EID**, Circuit Judges.
_____

Roy William Mills, an Oklahoma state prisoner proceeding pro se, seeks a

certificate of appealability ("COA") to appeal the district court's denial of his

28 U.S.C. § 2254 application for a writ of habeas corpus. *See* 28 U.S.C.

§ 2253(c)(1)(A) (requiring a COA to appeal "the final order in a habeas corpus

proceeding in which the detention complained of arises out of process issued by a

---

[1] Because the Cimarron Correctional Facility is a private prison, the proper
respondent in this matter is Mr. Joe Allbaugh, the Director of the Oklahoma
Department of Corrections. Consequently, we have substituted Mr. Allbaugh as the
respondent per Fed. R. App. P. 43(c)(2).

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

State court"). Exercising jurisdiction under 28 U.S.C. § 1291, we deny Mr. Mills's request for a COA and dismiss this matter.[2]

1. **Claims Presented for COA Consideration**

Mr. Mills is serving a 50-year sentence for using a vehicle to discharge a weapon. *See* Okla. Stat. tit. 21, § 652(B). He challenged his conviction on direct appeal and state post-conviction review, but was unsuccessful. His § 2254 application raised four claims:

(1)  His trial counsel had a conflict of interest.

(2)  The trial evidence was insufficient to corroborate the testimony of his accomplice.

(3)  The state trial court erred in admitting evidence of other crimes and bad acts.

(4)  The state trial court violated his due process rights by improperly instructing the jury.

The district court denied each of these claims.

In his brief to this court, Mr. Mills addresses three issues:

(1)  Conflict of interest

(2)  Accomplice corroboration

(3)  Ineffective assistance of counsel

Mr. Mills does not address in his brief the district court's denial of his third claim about evidence of other crimes and bad acts, or his fourth claim about the jury

---

[2] Because Mr. Mills is pro se, we liberally construe his filings but do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

instructions. We thus do not consider these claims for a COA. Mr. Mills's third

issue in his brief, which alleges shortcomings of his counsel at trial, was not asserted

as a ground in his § 2254 application and was not considered by the district court, so

we do not consider that issue for a COA, either.[3] That leaves us with the conflict of

interest and accomplice corroboration claims for COA consideration.

## 2. COA Standard

Before we may exercise jurisdiction over Mr. Mills's appeal, he must obtain

COAs for the issues he wishes to raise. *See* 28 U.S.C. § 2253(c)(1)(A), (c)(3). A

COA may issue "only if the applicant has made a substantial showing of the denial of

a constitutional right." *Id.* § 2253(c)(2). "At the COA stage, the only question is

whether the applicant has shown that 'jurists of reason could disagree with the

district court's resolution of his constitutional claims or that jurists could conclude

the issues presented are adequate to deserve encouragement to proceed further.'"

*Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S.

322, 327 (2003)).

As the district court noted, the Antiterrorism and Effective Death Penalty Act

of 1996 ("AEDPA") governs a federal court's habeas review of state court decisions.

---

[3] In his petition, Mr. Mills listed, among others, "ineffective counsel" under "Grounds raised" on direct appeal to the Oklahoma Court of Criminal Appeals (OCCA). ROA, Vol. I at 6. But in the section of the petition calling for him to "state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States," he stated the four grounds listed above, and did not include a claim for ineffective assistance of counsel apart from his conflict of interest claim. *Id.* at 8-14.

Under AEDPA, when a state court has adjudicated the merits of a claim, a federal court cannot grant habeas relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). "A habeas petitioner meets this demanding standard only when he shows that the state court's decision was 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Dunn v. Madison*, 138 S.Ct. 9, 11 (2017) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

In deciding whether to grant a COA, we are required to "look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable among jurists of reason." *Miller-El*, 537 U.S. at 336.

3. **Application of COA Standard**

a. *Conflict of interest*

In his § 2254 application, Mr. Mills claimed that his trial counsel had a conflict of interest because he previously represented one of Mr. Mills's co-defendants, who had pled guilty. When the prosecution decided to call the co-defendant to testify at Mr. Mills's trial, his defense counsel asked whether there was a potential conflict; Mr. Mills, after consultation with an independent public

4

defender contract attorney, waived any conflict.  The state court questioned Mr. Mills at the hearing on this matter and determined the waiver was knowing and voluntary.

The district court, treating this claim as one for ineffective assistance of counsel under the Sixth Amendment, noted that, on direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) found that Mr. Mills "knowingly and voluntarily waived his right to conflict free counsel and that the trial court took appropriate measures to evaluate the possible risks before accepting that waiver."  ROA, Vol. I at 212; *see also* ROA, Vol. I at 170.  After reviewing the record, the district court agreed.  We also agree.

Reasonable jurists would not debate that the district court was correct in deciding that Mr. Mills had not shown, as required under AEDPA, that the OCCA's decision on this issue was either an unreasonable application of clearly established Supreme Court law or was based on an unreasonable determination of facts.  *See* 28 U.S.C. § 2254(d)(1)-(2).  We therefore deny a COA on this issue.

b.  *Accomplice testimony*

Mr. Mills's second § 2254 claim was that the trial evidence was insufficient to corroborate the testimony of his accomplice.  The district court noted that this claim appeared to challenge the OCCA's application of state law requiring corroboration of accomplice testimony, that there is no comparable federal law requirement, and that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  ROA, Vol. I at 214-15 (quoting *Estelle v.*

5

*McGuire*, 502 U.S. 62, 67-68 (1991)).  Nonetheless, it generously considered a general challenge to the sufficiency of the evidence as a federal due process claim under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  *Id.* at 215-16.  Reviewing the evidence, the court found it was sufficient.  So do we, particularly in light of the demanding AEDPA standard.  Reasonable jurists would not debate otherwise.  We accordingly deny a COA on this issue.

4. **Conclusion**

We deny a COA and dismiss this matter.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

6