**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————————

DARREL GOETZEL,

    Petitioner - Appellant

v.

WYOMING ATTORNEY GENERAL,

    Respondent - Appellee.

No. 19-8059
(D.C. No. 1:19-CV-00061-ABJ)
(D. Wyo.)

———————————————————

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
———————————————————

Before **McHUGH**, **KELLY**, and **MORITZ**, Circuit Judges.
———————————————————

Petitioner-Appellant Darrel G. Goetzel, a state inmate appearing pro se, seeks a

certificate of appealability (COA) to appeal the dismissal of his habeas petition, 28

U.S.C. § 2254, as time-barred and not subject to equitable tolling. Goetzel v. Wyo.

Attorney Gen., No. 1:19-CV-00061-ABJ (D. Wyo. Aug. 23, 2019).

On March 25, 2019, Mr. Goetzel filed his petition claiming that his sentence is

illegal under the double jeopardy clause, in violation of the Fifth Amendment, and

that he received ineffective assistance of counsel, in violation of the Sixth

Amendment. The district court concluded that the one-year limitation period, 28

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 2244(d), expired in 2012 and that Mr. Goetzel was not entitled to equitable tolling.

To obtain a COA, Mr. Goetzel must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court dismisses a § 2254 petition on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, Mr. Goetzel delayed filing the underlying habeas petition by nearly seven years and has failed to "show specific facts to support his claim of extraordinary circumstances and due diligence" sufficient to trigger equitable tolling of the limitations period. See Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (internal citations omitted). The district court thoroughly explained why equitable tolling would not apply. No reasonable jurist would find the district court's procedural ruling debatable, and it is therefore unnecessary to consider whether Mr. Goetzel made a substantial showing of the denial of a constitutional right under either the Fifth or Sixth Amendments.

We DENY a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge