**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 13, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RAYMOND LEE FETZER,

     Plaintiff - Appellant,

v.

RICK RAEMISCH, Executive Director of
the Colorado Department of Corrections;
MARY CARLSON, Head of Time/Release
Operations for the C.D.O.C.,

     Defendants - Appellees.

No. 19-1200
(D.C. No. 1:19-CV-00089-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

Raymond Lee Fetzer, a Colorado state prisoner appearing pro se, appeals the

district court's judgment in favor of defendants on claims brought under 42 U.S.C.

§ 1983 concerning the calculation of his parole-eligibility date. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the brief and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Fetzer is serving sentences for multiple convictions dating back to 1988. He filed a mandamus petition in state court to compel the Colorado Department of Corrections (CDOC) to recalculate his parole-eligibility date (PED). He alleged that by designating one of the longest of his concurrent sentences (a 30-year sentence) as the governing sentence and computing his PED based solely on that sentence, CDOC failed to comply with a Colorado statutory requirement to treat all of his separate sentences as a single continuous sentence. *See Exec. Dir. Colo. Dep't of Corr. v. Fetzer*, 396 P.3d 1108, 1109 (Colo. 2017) (discussing mandamus petition). According to Fetzer, if CDOC had calculated his PED according to the statutory mandate, he would have become eligible for parole several years earlier. *See id.* The state district court denied the petition, but the Colorado Court of Appeals (CCA) reversed and remanded. *See id.* The state appealed, and the Colorado Supreme Court affirmed the judgment but reversed the remand order, directing the district court to conduct further proceedings in accordance with the Supreme Court's opinion. *See id.*

According to Fetzer's complaint in this action, on remand, the state district court ordered CDOC to recalculate his PED in accordance with the Colorado Supreme Court's opinion, and CDOC recalculated the PED but intentionally misapplied several Colorado statutes, again resulting in an incorrect PED.

Fetzer then filed an amended mandamus petition in state court, which the court denied. He appealed that decision to the CCA, and as of this writing, that appeal remains pending.

2

Fetzer next filed this § 1983 action against defendants in their official and individual capacities, alleging they improperly calculated his PED and his mandatory release date (MRD), and that doing so violated his Fourteenth Amendment due-process rights and his right to equal protection under the Colorado constitution. He sought monetary damages and injunctive relief. He also asked to proceed in forma pauperis (IFP). The district court granted IFP and, because Fetzer's complaint concerned the same issues as his pending appeal before the CCA, ordered Fetzer to show cause why the court should not dismiss the case under the *Younger* abstention doctrine.[1]

After Fetzer responded, the district court entered an order dismissing without prejudice (1) any official-capacity claims for money damages as barred by Eleventh Amendment sovereign immunity and (2) any official-capacity claims for prospective injunctive relief under the *Younger* abstention doctrine because of the ongoing state-court mandamus proceeding.

Turning to Fetzer's individual-capacity due-process claim for money damages arising from the calculation of his PED, the district court ruled that *Younger* abstention would be proper but for the legal frivolity of that claim. The court explained that the grant of parole is a privilege, not a right, and even if the court

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971). "The *Younger* doctrine, as developed, requires abstention when federal proceedings would (1) interfere with an ongoing state judicial proceeding (2) that implicates important state interests and (3) that affords an adequate opportunity to raise the federal claims." *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291 (10th Cir. 1999).

ordered defendants to calculate a specific PED, which Fetzer claimed was a nondiscretionary act affording him a state-created liberty interest in a correctly calculated PED, the Colorado Parole Board has unlimited discretion whether to grant or deny parole. Therefore, the court concluded, Fetzer did not have a liberty interest in a particular PED, and the claim was legally frivolous. Consequently, rather than abstain under *Younger*, the court dismissed the claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i),[2] with prejudice.

Finally, the court stayed and administratively closed the case with regard to the one remaining claim, Fetzer's individual-capacity due-process claim arising from the calculation of his MRD. Fetzer appealed the district court's order, but we dismissed the appeal for lack of jurisdiction. *See* R., Vol. I at 74-77.

Fetzer then filed a motion to dismiss the remaining MRD claim, stating he had not intended to raise such a claim. Construing the motion to dismiss as a motion for voluntary dismissal of the MRD claim under Fed. R. Civ. P. 41(a)(1), the district court granted it and entered judgment in favor of defendants.[3]

Fetzer appeals only the district court's dismissal with prejudice of his individual-capacity due-process claim for damages arising out of the alleged miscalculation of his PED.

---

[2] In pertinent part, the statute requires a district court to dismiss a case if the court determines it "is frivolous." § 1915(e)(2)(B)(i).

[3] Because of the procedural posture of the case, defendants never entered an appearance in either the district court or this court.

## II. **Standard of review**

We review de novo a district court's § 1915(e)(2)(B)(i) dismissal of a claim as legally frivolous. *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). Because Fetzer is pro se, we construe his filings liberally but do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## III. **Discussion**

"No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1. To invoke this procedural protection, a person "must establish that one of these rights is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Id.* (citations omitted).

Here, Fetzer invokes a liberty interest, but not in parole itself, and for good reason: "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Nowak v. Suthers*, 320 P.3d 340, 348 (Colo. 2014) (explaining that under Colorado law, "[t]he grant of parole is a privilege, not a right," and even after a "PED is calculated, the parole board has the ultimate discretion to grant or deny parole based on the totality of the circumstances"). Instead, proceeding essentially under *Wilkinson*'s

5

"expectation or interest" formulation, 545 U.S. at 221,[4] Fetzer characterizes the

liberty interest at stake as the right to have his PED accurately calculated as directed

by several Colorado statutes.[5]  He contends those statutes eliminate discretion in

determining a PED, and therefore Colorado has "create[d] a protected liberty interest

by placing substantive limitations on official discretion," *Olim v. Wakinekona*,

461 U.S. 238, 249 (1983) (*abrogated on other grounds as recognized in Elwell v.*

*Byers*, 699 F.3d 1208, 1214 (10th Cir. 2012)).

We disagree.  "[W]hat *Wilkinson* meant by an 'expectation or interest' was . . .

a present and legally recognized substantive entitlement."  *Kerry v. Din*, 575 U.S. 86,

___, 135 S. Ct. 2128, 2136-37 (2015) (plurality opinion).  As the Court stated earlier

in *Olim*:  "Process is not an end in itself.  Its constitutional purpose is to protect *a*

*substantive interest* to which the individual has a *legitimate claim of entitlement*."

461 U.S. at 250 (emphasis added).  What Fetzer ultimately seeks is parole, but as he

properly concedes, he has no "legitimate claim of entitlement" to parole.  He

therefore has no subsidiary liberty interest in the process used to determine his PED,

even if that process involves a nondiscretionary calculation.  *See Dist. Att'y's Office*

*v. Osborne*, 557 U.S. 52, 67-68 (2009) (concluding that a prisoner has no liberty

interest with respect to "any procedures available to vindicate an interest in state

---

[4] Fetzer does not cite *Wilkinson* or refer to its "expectation or interest" formulation, but he repeatedly refers to a "State-Created Liberty Interest," *see* Aplt. Br. at 3, 4, 6, 7, 12, 16, 18, 21, 23, 25, 26, 29, which is no different.

[5] The statutes he relies on are scattered throughout Title 17, Article 22.5 of the Colorado Revised Statutes.

6

clemency" because clemency is inherently discretionary); *Olim*, 461 U.S. at 250 ("If officials may transfer a prisoner for whatever reason or no reason at all, there is no [substantive liberty] interest for process to protect." (citation and internal quotation marks omitted)); *Elliott v. Martinez*, 675 F.3d 1241, 1245 (10th Cir. 2012) ("[A]n entitlement to nothing but procedure cannot be the basis for a liberty . . . interest." (internal quotation marks omitted)); *cf. Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 463 (1981) (explaining that a "state-created right can, in some circumstances, beget yet other rights to procedures essential to the *realization of the parent right*," but "the underlying right must have come into existence before it can trigger due process protections" (emphasis added)); *Nowak*, 320 P.3d at 348 ("The parole eligibility date is just that—an eligibility date."). Put differently, absent an overarching right to parole, the mere fact that the process used to determine a PED is (allegedly) nondiscretionary is insufficient to create a liberty interest that the Due Process clause protects.

## IV.  **Conclusion**

The district court's judgment is affirmed.  We grant Fetzer's motion to proceed IFP on appeal but remind him of his obligation under 28 U.S.C. § 1915(b)(1)-(2) to continue making partial payments until his filing fee is paid in full.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

7