**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GREGORY CARL WIND, JR.,

    Plaintiff - Appellant,

v.

UNITED STATES INCORPORATED;
COLORADO SUPREME COURT
INCORPORATED; PEOPLE OF THE
STATE OF COLORADO,

    Defendants - Appellees.

No. 20-1222
(D.C. No. 1:20-CV-01113-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
_____

Colorado state prisoner Gregory Carl Wind, Jr., appearing pro se, appeals the

district court's dismissal of his 42 U.S.C. § 1983 action. Exercising jurisdiction under

28 U.S.C. § 1291, we affirm, assess Mr. Wind a strike under the Prison Litigation Reform

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

Act ("PLRA"), 28 U.S.C. § 1915(g), and deny his request to proceed *in forma pauperis* ("*ifp*").[1]

According to the district court, since 2017, Mr. Wind has filed eight prisoner complaints and two habeas applications. The court dismissed five of the seven previous complaints because Mr. Wind failed to comply with orders to file amended complaints that complied with Federal Rule of Civil Procedure 8. ROA at 147. He appealed only one of the dismissals. We deemed that appeal frivolous, affirmed, and assessed a strike under the PLRA. *Wind v. Colo. Att'y Gen.*, 774 F. App'x 449 (10th Cir. 2019) (unpublished).

In this, Mr. Wind's eighth lawsuit, the magistrate judge ordered him to (1) refile his complaint on the court's prison complaint form, list all defendants in the caption, and provide information in the "Previous Lawsuits" section; and (2) file his request to proceed *ifp* under 28 U.S.C. § 1915 on the court-approved form and include a certified trust account statement and a signed disbursement authorization. ROA at 49-50.

Mr. Wind submitted the *ifp* § 1915 materials. But instead of filing a compliant prisoner complaint, he provided, as the district court described, "vague, prolix, unintelligible, and/or nonresponsive" materials in response to the magistrate judge's order to cure deficiencies. *Id.* at 147. It said the magistrate judge, in this and Mr. Wind's

---

[1] Because Mr. Wind is pro se, we construe his filings liberally, but we do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

previous cases, "explained in detail the deficiencies in [his] complaint, instructed [him] how to cure these defects, and gave him sufficient time to amend, but [he] did not take advantage of the advice and additional time to correct the deficiencies." *Id.* at 148. It also said the original complaint failed to comply with Rule 8. *Id.*

The district court concluded:

> Since Plaintiff is capable of complying with certain Court directives, such as filing a proper 28 U.S.C. § 1915 motion and affidavit and submitting a certified account statement along with a signed authorization to disburse funds, the Court finds that Plaintiff's failure to comply with Rule 8 and his continual filing of prolix, vague, and unintelligible pleadings are deliberate actions on his part to disregard a Court directive. The Court, therefore, will not dismiss this case for failure to cure all noted deficiencies, but it will dismiss the Complaint because Plaintiff has filed the action for obviously malicious purposes and is abusing the judicial process in doing so.

*Id.* The court ordered the action dismissed with prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i), which provides that a "court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious."

We generally review a dismissal under § 1915(e)(2)(B)(i) for frivolousness under an abuse of discretion standard when that determination is not based on a question of law. *See Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006); *Grime v. Molish*, 785 F. App'x 576, 578 (10th Cir. 2019) (unpublished).[2] This court has not specifically

---

[2] Although not precedential, we find the reasoning of this unpublished opinion instructive. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

addressed what standard of review should apply to a § 1915(e)(2)(B)(i) dismissal for maliciousness, but we would affirm here under either an abuse of discretion or de novo standard for substantially the same reasons stated by the district court.

Like his filings in district court, Mr. Wind's brief to this court is "vague, prolix, unintelligible, and/or nonresponsive." ROA at 147. Apart from general assertions, it fails to address whether the district court erred in dismissing the action under § 1915(e)(2)(B)(i).

We affirm the district court's judgment, deny the request to proceed *ifp,* assess a strike under the PLRA for bringing a frivolous appeal, and deny any other pending motions as moot.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge