**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES SCOTT SALI,

    Defendant - Appellant.

No. 24-8030
(D.C. No. 2:06-CR-00084-ABJ-4)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **EID**, and **FEDERICO**, Circuit Judges.
_____

James Scott Sali, a federal prisoner appearing pro se, appeals the district

court's denial of his motion for compassionate release under 18 U.S.C.

§ 3582(c)(1)(A).  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  Background

In 2007, Sali pled guilty to four drug-trafficking and firearms counts and was

sentenced to 60 years in prison.  In 2023, he filed a pro se motion for a sentence

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

reduction under 18 U.S.C. § 3582(c)(1)(A).  As relevant here, the statute provides that, on motion, a district court "may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," but only "if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  § 3582(c)(1)(A)(i).  In his motion, Sali argued that multiple health issues and what he characterized as an unusually long sentence, allegedly due to a 15-year sentencing disparity resulting from stacking his two firearms convictions under 18 U.S.C. § 924(c), constituted extraordinary and compelling reasons to reduce his sentence.  He also argued that he was not going to reoffend and that the § 3553(a) factors weighed in favor of granting a sentence reduction.

The district court denied the motion.  The court assumed that Sali's medical circumstances and the alleged sentencing disparity amounted to extraordinary and compelling circumstances that warranted a sentence reduction.  But the court found that a sentence reduction would be inconsistent with the Sentencing Commission's policy statement that a defendant not pose "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," USSG 1B1.13(a)(2).  Among other things, § 3142(g) requires a court to determine whether community safety would be "reasonably assure[d]" if a defendant is released, taking into account "(1) the nature and circumstances of the offense charged"; "(2) the weight of the evidence against the person"; "(3) the history and characteristics of the person"; and

2

"(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." § 3142(g)(1)–(4).

Applying the § 3142(g) factors, the district court found that Sali's "storied history of violent conduct prior to incarceration creates a strong presumption that he would pose a danger to the safety of another person or to the community." R. vol. I at 126. The court noted that his conduct in this case was "undisputedly dangerous" because it involved "large amounts of methamphetamine, the related use and deployment of firearms, and his involvement in a scheme to murder a co-conspirator he suspected was a police informant." *Id.* at 127. The court found that his history of twelve other convictions, including battery, multiple assaults, carrying a concealed weapon and threatening to behead the victim, and terroristic threats/assaultive conduct, "serve[d] to generate further caution." *Id.* The court rejected Sali's contention that since his imprisonment, he was "a changed man," finding that despite his claims that he was "staying off drugs" and "learn[ing] how to kick destructive habits," Sali had received "a bevy of citations . . . during his incarceration." *Id.* (internal quotation marks omitted). Those included citations for "medication abuse as late as 2021 and three infractions for disruptive behavior as late as 2022." *Id.* at 128. This conduct, the court said, was too recent for Sali "to be given the benefit of the doubt." *Id.* The court further found that Sali did "not appear to have any sufficient vocational skills to maintain a stable career after incarceration," and therefore he "would continue his propensity for violent and disruptive behavior, with

no impediment to dissuade him [from] criminal activity." *Id.* For these reasons, the court denied his motion. The court did not reach the § 3553(a) factors. Sali appeals.[1]

## II.  Standard of review

We review a district court's order denying a motion for a § 3582(c)(1)(A) sentence reduction for an abuse of discretion. *See United States v. Bradley*, 97 F.4th 1214, 1218 (10th Cir. 2024). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *Id.* (internal quotation marks omitted). A district court also abuses its discretion "when it makes a clear error of judgment, exceeds the bounds of permissible choice, or when its decision is arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment." *United States v. Mobley*, 971 F.3d 1187, 1195 (10th Cir. 2020) (internal quotation marks omitted). Because Sali represents himself, we afford his pro se filings a liberal construction, but we may not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## III.  Discussion

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Bradley*, 97 F.4th at 1217 (internal quotation marks omitted).

---

[1] Sali filed his notice of appeal while a motion for reconsideration he had filed was still pending. The district court denied that motion, but Sali did not amend his notice of appeal to include the order denying the motion for reconsideration or file a new notice of appeal naming that order. We therefore lack jurisdiction to consider the order denying the motion for reconsideration. *See Prager v. Campbell Cnty. Mem'l Hosp.*, 731 F.3d 1046, 1060–61 (10th Cir. 2013).

"One such exception is contained in 18 U.S.C. § 3582(c)(1)." *Id.* (brackets and internal quotation marks omitted).

Based on § 3582(c)(1)(A)(i)'s prerequisites, this court has adopted a three-step test for district courts to apply when determining whether to grant a motion for compassionate release. *See United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). At step one, "a district court must find whether extraordinary and compelling reasons warrant a sentence reduction." *Id.* (brackets and internal quotation marks omitted). At step two, "a district court must find whether such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (emphasis, brackets, and internal quotation marks omitted). And at step three, a district court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *Id.* (brackets and internal quotation marks omitted). A district court must address all three steps before it may grant a compassionate-release motion, but it may deny such a motion "when any of the three prerequisites listed in § 3582(c)(1)(A)[(i)] is lacking and do[es] not need to address the others." *Id.* at 1043 (internal quotation marks omitted).

Sali presents what amounts to two lines of argument. The first is that the district court erred by ignoring the facts he presented as extraordinary and compelling circumstances because those facts are relevant to the § 3553(a) analysis. Sali is correct that a district court cannot "deny compassionate-release relief on the ground that release is not appropriate under § 3553(a) if the court has not considered the

5

facts allegedly establishing extraordinary and compelling reasons for release." *United States v. Hald*, 8 F.4th 932, 947 (10th Cir. 2021). But the district court did not deny Sali's motion based on the § 3553(a) factors. In fact, the court did not even reach that step of the analysis. Nor was it required to. *See McGee*, 992 F.3d at 1043. Sali's first line of argument, therefore, fails.

Sali's second line of argument is that the district court disregarded his efforts to rehabilitate himself since his 2007 conviction and considered only his criminal history leading up to that conviction. This line of argument plainly overlooks the district court's findings that, despite Sali's efforts to rehabilitate himself, he had continued to rack up multiple citations for various infractions, including some very recent citations involving abuse of medications and disruptive behavior. We see no abuse of discretion in the district court's consideration of the facts relevant to the analysis required under USSG 1B1.13(a)(2) or 18 U.S.C. § 3142(g).

## IV. Conclusion

We affirm the district court's denial of Sali's § 3582(c)(1)(A) motion. We grant Sali's motion to proceed on appeal without prepayment of costs or fees.

Entered for the Court

Nancy L. Moritz
Circuit Judge