FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**October 22, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

NATHAN DAVID BLACK,

    Petitioner - Appellant,

v.

FHURE, Warden San Carlos Correctional
Facility; THE ATTORNEY GENERAL
OF THE STATE OF COLORADO,

    Respondents - Appellees.

No. 25-1126
(D.C. No. 1:24-CV-03574-LTB-RTG)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **EID**, and **ROSSMAN**, Circuit Judges.
_____

Nathan Black, proceeding pro se,[1] requests a certificate of appealability (COA) to

appeal from the district court's denial and dismissal of his 28 U.S.C. § 2254 habeas

application as procedurally defaulted.  We deny a COA and dismiss this matter.

Mr. Black was convicted in the district court for Jefferson County, Colorado, of

stalking (serious emotional distress), violating bail bond conditions, and violating a civil

protection order.  Citing his rights to equal protection and due process, he made two

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Black proceeds pro se, we liberally construe his filings, but we do
not act as his advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

claims in his § 2254 application.  First, he asserted that state law did not authorize the prosecutor to charge him for stalking and violating bail bond conditions, but instead it allowed only a choice between charges for violating a civil protection order or committing contempt of court.  Second, he alleged the state district court lacked jurisdiction to convict him on charges arising out of the violation of a protective order issued by a different court (the county court).  Mr. Black sought vacatur of his convictions and $800 trillion in damages.

The magistrate judge directed the State to file a pre-answer response addressing timeliness and exhaustion of state-court remedies.  The State asserted that Mr. Black had not exhausted his state remedies, resulting in a procedural default.  The magistrate judge agreed.  Determining that Mr. Black had not shown cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default, he recommended that the district court dismiss the application.  Mr. Black objected.  Reviewing the record de novo, the district court agreed with and adopted the recommendation, overruled Mr. Black's objections, denied and dismissed the § 2254 application, and denied a COA.

To appeal from the district court's decision, Mr. Black must obtain a COA, 28 U.S.C. § 2253(c)(1)(A), meaning that he must make "a substantial showing of the denial of a constitutional right," § 2253(c)(2).  Because the district court decided the § 2254 application on a procedural ground, for a COA Mr. Black must demonstrate that reasonable jurists "would find it debatable" both "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its

2

procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, we begin and end with the district court's procedural ruling.

Mr. Black does not contest the district court's determination that he failed to exhaust his state remedies. Rather, he focuses on whether the district court should have excused the default—specifically, whether he established a fundamental miscarriage of justice. He reiterates his position that state law did not authorize prosecution for anything except violation of a civil protection order or contempt of court and only the county court that issued the protective order may try the charges. He continues, "As [a] result, the charges are illegal under the circumstances, thereby no facts as to the charges may be taken into account. [His] due process and equal protection rights are violated and has resulted in the conviction; of which [he is] actually innocent." Aplt. Combined Opening Br./Appl. for COA at 3. Then, without any supporting citation, he states, "Under the circumstances, legal innocence does satisfy the fundamental miscarriage of justice." *Id.*

But no reasonable jurist would debate whether Mr. Black demonstrated a fundamental miscarriage of justice. The fundamental-miscarriage exception requires a prisoner to make "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). As the district court recognized, "in this regard 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Herrera v. Collins*, 506 U.S. 390, 404 (1993) ("The fundamental miscarriage of justice exception is available only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence." (emphasis and internal quotation marks omitted)). Contradicting Mr. Black's contention

3

that his claims should satisfy the fundamental-miscarriage exception, we have rejected the premise that "the factual-innocence gateway is available when one has been convicted by the wrong jurisdiction." *Pacheco v. El Habti*, 62 F.4th 1233, 1242 (10th Cir. 2023).

We grant Mr. Black's motion to proceed without prepayment of fees and costs. We deny his "Motion for habeas appeal P.R. bond."  We deny a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk